MAGGIE ACKLEY

*v.*

ALFRED CROUCHER.

*Opinion filed June 16, 1903—Rehearing denied October 8, 1903.*

1. PARTIES—*a party claiming interest may become party to bill to remove cloud.* One who claims a substantial interest in land involved in a proceeding to remove a cloud on title has a right to become a party to such proceeding.

2. PLEADING—*cross-bill may be amended although sworn to.* Where a cross-bill is not required by law to be verified, the fact that it is sworn to does not preclude court from allowing it to be amended.

3. TRUSTS—*when a resulting trust exists—Statute of Frauds.* A resulting trust exists where one purchases property with funds furnished by another but takes title in her own name without the other's knowledge and in breach of the confidence and trust placed in her by such party, and the Statute of Frauds does not apply.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is a writ of error to the circuit court of Cook county by plaintiff in error, seeking to reverse a decree wherein the defendant in error was held to be the owner in fee simple of certain real estate.

The plaintiff in error, Maggie Ackley, filed a bill on February 8, 1899, to which Ida Moore and William Moore were made parties defendant, praying to have a certain deed from her to them declared void as a cloud upon her title to certain lots in Cook county, and to enjoin them from encumbering the same until the further order of the court. By an amendment to the bill, Alfred Croucher, who claimed some interest in the property and petitioned the court to be heard, was made a party defendant thereto. Ida Moore and William Moore answered the bill, denying the allegations thereof, denying all equity as alleged, and averring that the property was purchased with the joint funds of complainant and Alfred Croucher. Croucher also answered, alleging that he and complain-

ant, in 1885, began business together as partners, for the purpose of buying property for their own common profit, and continued the same until July, 1898, and as such partners purchased and paid for the lots in question, placing valuable improvements thereon out of their joint moneys; that he had paid more than one-half of the purchase money and expense of improvements; that by agreement the title was taken in the name of Maggie Ackley, to be held for their joint benefit.

On May 27, 1899, Croucher filed a cross-bill, alleging the formation of the said partnership and the purchase of the property in question; also certain other lots in Tolleston, Indiana, and alleging also that the property was improved with their common labor and means; that she, since July 1, 1898, has collected the rents and refuses to account to him; that one of the foregoing pieces of property, known as the Langley avenue, premises, was paid for with purchase money furnished by him; that after the purchase of said premises they together took possession of the last mentioned premises, and occupied, managed and controlled the same in common as a home until July 1, 1898, when she dispossessed him; that she then conveyed the premises to Anna J. Narthena, and afterwards to her daughter, Ida Moore, and that Ida Moore and her husband knew of the partnership relation and that Croucher had an interest therein. The cross-bill then alleges that Maggie Ackley is committing waste and squandering the rents, and concludes with a prayer for an accounting and for a decree declaring the co-partnership void, and that the premises be declared to be held by Maggie Ackley in trust for cross-complainant to the extent of one-half thereof, and that partition be made. Ida Moore and husband answered this cross-bill, admitting, among other things, that Maggie Ackley conveyed to Narthena and to her daughter, Ida, to defeat Croucher's interest therein. The answer claims one-half of the premises in fee in Ida Moore by virtue of the deed, and

concedes that Croucher is the owner of the other half thereof. Maggie Ackley then filed an answer to the cross-bill of Croucher, denying its allegations, and averring that she bought and paid for said property independently and without cross-complainant's aid, and is now the absolute owner thereof. Ida Moore and her husband then filed a cross-bill, in substance setting up the facts contained in their answer, praying for partition.

After answers to this latter cross-bill were filed, the cause was referred to the master, who made a report on March 6, 1900. Croucher thereupon, by leave of the court and pursuant to an order thereof, on March 6, 1900, amended his cross-bill so as to conform to the evidence as taken by the master, striking out from the cross-bill all allegations about joint interests, partnership dealings and joint purchases by Mrs. Ackley, with an agreement to hold the title for the benefit of herself and cross-complainant, and substituting in place thereof the allegation that in 1885 he brought Maggie Ackley and family to Chicago; that they resided with him and he provided them with their support continuously until 1898; that he furnished the money with which she purchased and took title in her own name to the Langley avenue property and the other lots in question; that she had no means of her own; that he specifically furnished the sum of $960, the purchase money with which the Langley property was purchased, took possession thereof and erected valuable improvements, paying for said improvements with his own money, and that he thereby acquired an equitable interest equal to the whole value of the premises, the said Maggie Ackley receiving the title in trust for him. Maggie Ackley filed an answer to this amended cross-bill, denying its allegations and setting up the Statute of Frauds as a defense to the amended cross-bill, on the ground that the trust therein alleged is not manifested and proved by any writing; also setting up the Statute of Limitations in bar to his right to an accounting for rents.

On stipulation the court ordered the original bill dismissed as to Ida and William Moore, and also ordered their cross-bill dismissed. Upon re-reference to the master further testimony was taken, and a new report was made upon the issues as made by the amended cross-bill of Croucher and the answer of Maggie Ackley thereto, who found that the allegations of the amended cross-bill were sustained; that the Statute of Frauds was not a bar to Croucher's ·claim, upon the theory that he took the title by way of a resulting trust, which, under the statute, need not be in writing, and that the Statute of Limitations was of no avail to Mrs. Ackley because both of the parties lived upon the premises from the beginning of their transactions until 1898.

J. KENT GREEN, for plaintiff in error.

JAMES E. WHITE, and F. A. DENISON, (EDWARD H. MORRIS, of counsel,) for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first contended that the court below erred in granting leave to the defendant in error to be made a party defendant to the original bill of Mrs. Ackley, and also that the court committed error in permitting him to file his cross-bills, because they were not germane to the subject matter of the original bill.

The original bill was filed by Mrs. Ackley, claiming to be the owner in fee, to remove as a cloud upon her title a deed which she had executed to Ida Moore, conveying property in which Croucher himself claimed an interest. He was clearly interested in the outcome of that litigation, and the court, upon a proper showing, permitted him to become a party thereto. He was in no sense a mere intermeddler, as counsel for plaintiff in error infers, having no substantial interest in the proceeding. According to his theory he owned at least a one-half interest, if not the whole of the property which

was the subject matter of the original bill, and was therefore entitled to become a party. *Marsh* v. *Green,* 79 Ill. 385.

The cross-bill was not only germane to the issue made by the original bill and answer, but the complainant, Mrs. Ackley, made no objection to filing it, and treated it as a proper pleading in the cause by answering it, and the circuit court properly made it the basis of its decree. *Prichard* v. *Littlejohn,* 128 Ill. 123.

Nor was the defendant in error estopped to make his second amendment by the fact that his first cross-bill was sworn to. The verification of the cross-bill was not required by law, and the fact of its being sworn to performs no office, and therefore the court, in the exercise of its discretion, had a right to permit the amendment. *Campbell* v. *Powers,* 139 Ill. 128.

It is said the chancellor erred in holding that Croucher took the equitable title to the Langley avenue premises by way of a resulting trust, the contention of counsel being, that such a trust, if one existed, was an express trust, and contrary to the Statute of Frauds because not evidenced by any writing. The evidence shows that Croucher, an old man about sixty years of age, came to Chicago in 1885 and brought Mrs. Ackley and her daughters, with whom he lived from that time until 1898, apparently as one family, he providing them with a comfortable home, paying all doctor bills and common living expenses. He first engaged in the express business, and later in the business of night scavenger and of removing dead animals from the city of Chicago. His earnings aggregated about $250 a month, which he entrusted to the custody of Mrs. Ackley as custodian, to pay the family debts, living expenses, etc. With the money thus provided by him, the property in question and the four lots in Tolleston, Indiana, were purchased, and the improvements thereon were paid for out of the same funds. The evidence shows that Mrs. Ackley had no means after she came to Chicago, of consequence, of her own, at

any time. The Langley avenue premises were purchased in 1888. The owner of the premises refused to sell direct to Croucher or to Mrs. Ackley because they were colored people, and by an arrangement with one Mary Drake, a white person, she became the purchaser, $400 being paid in cash and a note and mortgage given for $560, the purchase price being $960. Croucher furnished the $400 and the funds with which to pay off the mortgage. Mrs. Ackley attended to the business and took the title to the property in herself. The evidence shows that defendant in error trusted to her implicitly, but as to why she took the title in her own name rather than in his is not explained. An inference can reasonably be drawn from the testimony that the title was thus taken in Mrs. Ackley without his knowledge. He simply provided the means while Mrs. Ackley attended to the business. Under the facts, although the evidence is somewhat contradictory, we think the master in chancery was justified in finding, as a matter of law, that a trust was raised in favor of Croucher. Where one obtains title to property by virtue of a confidential relation and influence, courts of equity, in order to administer complete justice between the parties, will raise a trust, by construction, out of such circumstances or relation, and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title. To such cases the Statute of Frauds does not apply. *Allen* v. *Jackson*, 122 Ill. 567; *Pope* v. *Dapray*, 176 id. 478.

The contention that the claim of defendant in error is stale and barred by the Statute of Limitations avails plaintiff in error nothing. Defendant in error, until 1898, was as much in possession of the Langley avenue property as was plaintiff in error.

From a careful reading of the whole record we think the equities of this cause are with the defendant in error, and that the decree of the circuit court is right. The decree gives to defendant in error the Langley avenue

and Glenwood properties.   Whatever benefit plaintiff in error has obtained in the way of rents and profits and the retention or sale of other property bought with money furnished by defendant in error she is permitted to keep, and to which the defendant in error makes no objection.

The decree of the circuit court will be affirmed.

*Decree affirmed.*