## Littie G. Buckner v. William A. Buckner.

## William A. Buckner, Defendant in Error, v. Littie G. Buckner, Plaintiff in Error.

## Gen. No. 16,231.

1. PLEADING—*when cross-bill may be maintained.* A cross-bill may be maintained to obtain full relief and a complete determination of all controversies which arise out of the matters set up in the original bill.

2. PLEADING—*when cross-bill will support decree.* Where a cross-bill is germane to the issues made by the original bill and answer and the original complainant makes no objection to its filing and treats it as a proper pleading by answering it, the court may properly make it the basis of its decree.

3. DIVORCE—*what not bona fide offer to return.* If an answer to a cross-bill setting up desertion alleges a willingness to return, relief may be granted upon the cross-bill if such allegation is traversed by replication and no evidence is offered to support it.

4. DIVORCE—*what not prevention of return precluding decree on ground of desertion.* If the plaintiff charged with desertion is enjoined from going to the office of the other party she is not deemed to have been prevented from returning.

Separate maintenance. Error to the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed May 20, 1912.

**Statement by the Court.** October 24, 1906, plaintiff in error filed her bill against defendant in error for separate maintenance, alleging that she was married to defendant in 1887 and was living separate and apart

from him without her fault. September 4, 1908, the defendant answered the bill, admitting the marriage, denying the other allegations of the bill, praying that it be dismissed. November 30, 1908, the defendant filed a cross-bill alleging that the complainant deserted him July 24, 1906, without cause; that she had remained away up to the filing of the cross-bill, and praying for a divorce. The original complainant answered the cross-bill, denying its allegations. November 25, 1909, the cause came on to be heard, and the original complainant failing to appear, the court heard evidence in support of the cross-bill, dismissed the original bill for want of prosecution without prejudice to the cross-bill, found that the cross-defendant deserted her husband July 24, 1906, without cause, and had continued such desertion up to the time of the hearing, and for such desertion granted to the cross-complainant a decree of divorce, to reverse which this writ of error is prosecuted.

S. A. T. WATKINS, for plaintiff in error.

EDWARD E. WILSON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The facts stated in the cross-bill were germane to the subject of the original bill in the sense that they related to the same matters. A cross-bill may be maintained to obtain full relief and a complete determination of all controversies which arose out of the matters stated in the original bill.

Where a cross-bill is germane to the issues made by the original bill and answer and the original complainant makes no objection to filling it and treats it as a proper pleading by answering it, the court may properly make it the basis of its decrees. Ackley v. Croucher, 203 Ill. 530-534.

The cross-defendant alleged in her answer to the

cross-bill a willingness to return to her husband, but this allegation was traversed by the replication and was not supported by any evidence at the hearing. The case therefore is not within the rule that a divorce for desertion will not be granted where the defendant makes a *bona fide* offer to return to the complainant.

By an interlocutory order made on motion of defendant the original complainant was enjoined, ''from going around and about the office of the defendant, No. 2842 Armour Avenue, or in any way interfering with the defendant in his business or personal property.'' Defendant is a physician, had an office at 2842 Armour avenue, and lived with complainant at that number, but it does not appear that they lived in the room occupied by defendant as an office. The order only prevented complainant from going to the office of defendant or interfering with his business or personal property, and the case is not within the rule that a divorce for desertion will not be granted where the return of the party alleged to be guilty of desertion has been prevented by the act of the other party.

The evidence does not support the contention that the defendant practiced deception on the court in failing to disclose any material fact.

We think that the finding that the plaintiff in error was guilty of desertion as alleged in the cross-bill was proper on the evidence, and the decree will be affirmed.

*Affirmed.*