THE PEOPLE *ex rel.* Frank J. Woodruff

*v.*

CANUTE R. MATSON, Sheriff.

*Filed at Ottawa October 31, 1889.*

1. CRIMINAL LAW—*delay in trial—right to discharge.* Section 498 of the Criminal Code, providing for the discharge of prisoners confined after delay of two or more terms, when the delay is not attributable to the prisoners' act, being intended to give effect to the clear constitutional right to a speedy trial, should receive a liberal construction.

2. A person was indicted, with several others, upon the charge of murder, at the May term of the Criminal Court of Cook county, and was arrested May 29. At the next term—the June term of the same year—the cause was continued by the prosecution. At the July term the cause was continued by consent. At the August term the defendant specially referred to, on his own application, procured an order granting him a separate trial. He demanded a trial at the August term, but the cause was continued to the September term, and *again* to the October term. On petition for *habeas corpus* by the same defendant, for a discharge under the statute, it appeared that the trial of the other defendants was at that time pending, so that his trial could not be had until that of his co-defendants was concluded : *Held,* that the defendant at whose instance the order for a separate trial was granted, was not entitled to a discharge on account of the delay in his trial, as such delay, to an extent that would preclude him from availing of the statute, was occasioned by himself.

3. CRIMINAL COURT OF COOK COUNTY—*branches thereof treated as separate courts.* Each branch of the Criminal Court of Cook county, so far as its jurisdiction to try a particular case is concerned, and to hear and to determine causes in which it is engaged, must be regarded as an independent court, separate and distinct from other branches of the court, as if it was in a separate jurisdiction.

This was a petition filed in this court, asking the issue of a writ of *habeas corpus* to the sheriff, etc. The facts sufficiently appear in the opinion of the court.

Mr. SETH F. CREWS, and Mr. H. E. PORTER, for the petitioner.

Per CURIAM: The petitioner, Frank J. Woodruff, *alias* Frank J. Black, petitions this court for a writ of *habeas corpus*, and to be discharged from imprisonment, to which he alleges he is unlawfully subjected by the sheriff of Cook county.

The petition alleges that an indictment was returned against the petitioner, with others, at the May term, 1889, of the Criminal Court of Cook county, for the crime of murder; that he was arrested on the 29th day of May, 1889, and that he is now, and ever since his arrest has been, continuously confined in the jail of said county under a *capias* issued upon said indictment. It is further alleged that at the June term of said Criminal Court, 1889, being the first term of said court after his indictment and arrest, the cause was continued on motion of the state's attorney, to the July term succeeding of said court, and to which the petitioner in nowise consented. And further, that at the July term, 1889, of said court, the cause was again continued to the August term, by the consent and agreement of the petitioner. It is then shown that at said August term, 1889, of said Criminal Court, the petitioner applied for a separate trial from his co-defendants, and upon his application, such proceedings were had that a severance was ordered, and the petitioner awarded a separate trial upon said indictment.

At said term, and upon such separate trial being granted, the petitioner alleges that he demanded an immediate trial of said indictment, but, the court, at the instance of the state's attorney, and without any cause being shown therefor, and against the wishes and without the consent of the petitioner, continued said cause of petitioner to the September term, 1889, of said court, and at said September term, the cause was, by procurement of the People again continued. It is alleged that none of said continuances were granted upon the application of the petitioner; nor had he done anything at any of said terms of said court, to work delay in the trial of said indictment, except the agreement to continue the cause

at the July term, and that at both the August and September terms of said court he demanded an immediate trial, or release from custody, which was denied him.

The petition alleges, "that his (petitioner's) co-defendants on said charge of murder, were placed on trial in one of the branches of the criminal court at the August term, 1889, of said court, and that said trial has been in progress from that time up to, and is in progress now," that is, at the time of filing the petition for a *habeas corpus.* It is also alleged that there are three branches of the Criminal Court of Cook county in session; that they were so in session during the months of August and September, 1889, and two of such branches of said court have been in session ever since the finding of said indictment. It is also stated that there are connected with the office of state's attorney of said county, the state's attorney and four assistant state's attorneys. It is alleged therefore, "that the machinery of said court has been ample and adequate to grant petitioner his constitutional right of a speedy trial." The petition also contains proper allegations, that the petitioner is not detained for any of the causes specified in section twenty-one of the Habeas Corpus Act.

Do the facts alleged in this petition, if admitted to be true to their fullest extent, entitle the defendant to be discharged from custody? If they do not, it is apparent that no case is made for issuing the writ, and that its issue would be of no avail. The application is based upon the supposed right of the petitioner to be set at liberty in pursuance of paragraph 498 of the Criminal Code (Starr & Curtis), which provides: "Any person committed for a criminal or supposed criminal matter, and not admitted to bail, and not tried at or before the second term of the court having jurisdiction of the offense, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner. If such court, at the second term, shall be satisfied that due exertion has been made to procure the evidence for and on behalf of the People,

38—129 ILL.

and that there are reasonable grounds to believe that such evidence may be procured at the third term, it shall have power to continue such case till the third term." The residue of the section, relates to cases where the defendant has been admitted to bail, and has no application here. *Gallagher* v. *The People*, 88 Ill. 335.

There can be no question, upon the case made by the petition, that the defendant is entitled to be set at liberty, unless the delay in his trial upon said indictment "has happened on the application of the prisoner," there being nothing shown that would authorize the continuance at the second term, as it is contemplated may be done at the instance of the People by the latter clause of the statute above quoted. The statute is in conservation of the liberty of the citizen, and is intended, as said by counsel, to give effect to the clear constitutional right to a speedy trial, and it is therefore to be construed liberally. It nevertheless remains to be considered whether the delay in the trial of the defendant has happened because of any act of the petitioner, or because of any application made by him.

It is shown by the petition, and conceded by counsel, that the first term at which the defendants could have been put upon trial, was the June term, 1889. Counting that term,— and the propriety of counting it may well be questioned, in view of the subsequent continuance by the agreement of the defendants—the second term at which the defendant could demand trial was the August term of the Criminal Court. It is conceded that the continuance at the July term was by the consent and agreement of the petitioner, and it can not be said that the same was not upon his application. It is apparent, that an agreement of the parties to continue a cause, is in effect an application to the court by each of the parties for a continuance.

It is shown that the defendant was indicted with others for the crime of murder. At the August term of said Criminal

Court, the defendants in such indictment were unquestionably
entitled to a trial, if such term is to be regarded as the second
term after indictment at which the defendants could demand
a trial.    Upon application of petitioner he was at that term,
for good and sufficient cause shown to the court, granted a
separate trial, and thereupon his co-defendants were placed
upon trial under said indictment, and ever since that time
such trial has been and is still in progress.    It became im-
possible, by reason of the severance procured by petitioner,
that all of the persons indicted could be placed upon trial at
the same time.    It is impossible in the very nature and con-
stitution of the courts, that two causes should proceed to trial
at the same time in the same court.    The co-defendants of
the petitioner clearly had the right to a trial of the indictment
against them.    Indeed, they not having by any application
created the necessity for any postponement or delay, might
well demand that their cause proceed to trial in advance of
that of their co-defendant, who had necessitated delay, either
of their cause or of his own.    It is apparent that if the peti-
tioner may create the necessity for delay by his application to
the court for a severance, and then demand trial by the court
in which the cause is pending, and thereby delay the trial of
the cause of his co-defendants, who have made no application,
until the close of the second term, such co-defendants must
necessarily be discharged under this statute, and it follows
that in every such case there would be an absolute failure of
justice.    We do not think this statute is susceptible of a con-
struction which necessitates such results.

The cause is to be tried at the second term unless the delay
shall happen on the application of the prisoner, and a fair
construction of the statute is, that where the delay is occa-
sioned by the application of the defendant, the statute does
not compel a trial at the second term, or require that the
defendant be set at liberty, in case of the failure to put him

upon trial thereat or until the necessity for delay occasioned upon his application has ceased to exist.

But it is urged that there are three branches of the Criminal Court of Cook county in session, and that therefore the delay has not been the result of the inability of the court to try this defendant. It is also said that there are connected with the office of the public prosecutor, the state's attorney and four assistants. The court in which the cause is pending is the Criminal Court of Cook county, and the trial is proceeding in that court against the co-defendants of the petitioner. Each branch of said court, so far as its jurisdiction to try a particular cause is concerned, and to hear and determine causes in which it is engaged, must be regarded as an independent court, separate and distinct from other branches of the court, as if it was in a separate jurisdiction. It follows that, unless, in cases where a separate trial is awarded, there is some provision of law by which a part of the cause may be transferred to another branch of said court, it must be tried in the branch of the court which has jurisdiction of the cause and where the indictment is pending. The trial of petitioner's co-defendants being in progress in one branch of the court, it is manifest, that the indictment returned against all of the defendants must remain in that branch for the purposes of that trial. The State, as well as each of the defendants on trial, has a right to demand that the original indictment shall be present in court; and indeed the trial could not proceed in that court in the absence of the indictment. The indictment must be present in court as forming the basis of the issue while the trial is in progress, and the jury are entitled to take it with them and have it in their custody when they retire to consider of their verdict. Our attention has not been called to, nor are we aware of any statute authorizing the trial of the defendant upon a copy of an indictment, except in case of the loss or destruction of the original indictment, where the same has been recorded under the order of court, as is provided may be done

by paragraph 473 of the Criminal Code, (S. & C.) or in cases where the venue is changed as to a part of the defendants. Clearly none of those statutes apply here. If the petitioner were put upon trial in another branch of the Criminal Court, it must be upon the indictment returned by the grand jury, which, as we have seen, must, with the record, remain in the court where his co-defendants are upon trial. If both causes may proceed at the same time, in which shall the record and the indictment remain? Which jury will be entitled, upon their retirement, to take the original indictment, and which of the defendants shall be required to be tried upon the copy of the indictment? It is true that the various branches of said court, constitute, in a certain sense, but one court, but as said before, the proceedings in said branches must, in the nature of things, be separate and independent, so far as the trial of causes is concerned.

Moreover, if it was possible to put the defendant upon trial, pending the trial of his co-defendants, upon the same indictment, before another judge and jury, such practice would inevitably lead to confusion and possibly a conflict of jurisdiction. Presumably the witnesses to establish the guilt of persons jointly indicted would largely be the same. Would the fact that they were in attendance upon one court be sufficient to excuse them from appearing in the other? Which court would have precedence, and which should delay its proceedings to await the convenience of the other?

Again, the state's attorneys of the various counties of the State are charged by law with the prosecution of all indictments, and must have the right to be present and control and conduct the trial of the same. It is evident that he would be incapable of discharging this duty if defendants under the same indictment were put upon trial in different courts at the same time. It can not be of importance that local authorities may provide him assistance, since, after all, the official responsibility of conducting criminal trials is upon him.

It may be urged that the two considerations last mentioned are matters of convenience only to the administration of the Criminal Law. But if this is so, there lays at the foundation the insuperable obstacle to the trial of the defendant Woodruff, pending the trial of his co-defendants, that he and they alike must be tried upon the indictment returned by the grand jury, and in due form of law.

By the statute, (Par. 494), the court is authorized to prolong the session of court in which a trial of a criminal case is pending until the verdict is rendered and judgment therein is entered, even though the term at which the trial was commenced may have expired by law. But in respect of causes on the docket, the trial of which has not been entered upon at the legal expiration of the term, they are by operation of law continued to the next term in course. Here, the court having begun the trial of the other defendants to the indictment, may continue such trial until its final termination, but the defendant having created a necessity, upon his own motion, for the postponement of his trial, the cause, as to him, would be continued by operation of law from term to term, until the delay thus created shall cease to exist. It can make no difference that the court may, at each term, at the suggestion of the state's attorney, have marked the cause continued, so long as the legal impediment to the trial of petitioner, of his own creation, exists.

It follows, that the defendant having created the necessity for the delay, as he might for good cause do, is not entitled to be discharged from custody by reason of any of the causes set forth in his petition. The issuance of a writ of *habeas corpus* would, for the reasons above set forth, be of no avail, and it will therefore be denied.

*Writ denied.*