(No. 22069.—)

JAMES HICKEY *et.al.* Plaintiffs in Error, *vs.* THE SPRING CREEK DRAINAGE DISTRICT *et al.* Defendants in Error.

*Opinion filed April 21, 1934.*

EVA MINOR, and V. A. PARISH, for plaintiffs in error.

C. M. GRANGER, for defendant in error the Spring Creek Drainage District; JOHN H. BECKERS, for defendant in error the North Wichert Drainage District.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On May 15, 1928, the North Wichert Drainage District obtained a judgment for $2700 in the county court of Kankakee county against the Spring Creek Drainage District as its proportionate share of the cost of certain work done in the North Wichert Drainage District. The commissioners of the Spring Creek Drainage District failed to pay or to levy an assessment to pay such judgment. The North Wichert Drainage District obtained a judgment in the circuit court of Kankakee county awarding to such drainage district a writ of *mandamus* against the commissioners of the Spring Creek Drainage District commanding them either to pay the judgment out of any of the funds of the district available, or, if there were no funds in the treasury available for that purpose, to levy an assessment to pay such judgment. From the judgment awarding the writ of *mandamus* the commissioners of the Spring Creek Drainage District appealed to this court, where the judgment of the circuit court was affirmed. (*North Wichert Drainage District* v. *Chamberlain,* 340 Ill. 644.) On March 14, 1931, after the order of affirmance from this court was filed in the circuit court, the commissioners of the Spring Creek Drainage District filed a petition in the county court reciting the history of the proceedings, attaching to such petition an itemized account showing that the district had no available funds and asking for permission to levy an assessment of $3500, stating that $800 additional would be necessary to pay accrued interest on the judgment, together with attorneys' fees incurred, court costs and cost of levying and spreading the assessment. The county court entered an order setting the petition for hearing on April 4. The petitioners gave notice by posting, publication and mailing for more than two weeks prior to the hearing, as provided by section 37 of the Levee act. On April 4 the cause was continued to April 10. No objections were made to the allowance of

the petition, and on April 10 the county court granted the prayer of the petition, found that there were no funds available for the purpose of paying such judgment, interest, costs and attorneys' fees, and authorized the commissioners to prepare an additional commissioners' roll of assessments of benefits and damages, (hereinafter called commissioners' roll,) to file such commissioners' roll with the clerk and to give notice thereof as required by statute. On May 8, 1931, the commissioners filed their commissioners' roll, in which they described fourteen tracts of land, having a total assessable acreage of 386.26 acres, against which was assessed an aggregate sum of $3340.06. The remaining $159.94 was assessed against a railroad company, certain highways and two school sites. The commissioners' roll described eighty additional tracts of land within the boundaries of the district, having a total assessable acreage of 7487.16 acres, against which no assessment was spread. None of the lands of the plaintiffs in error were assessed for benefits by the commissioners' roll. None of such owners filed any objections to the confirmation of the roll. The drainage commissioners severally owned lands in the district. None of their lands were assessed by the commissioners' roll as filed. Certain of the owners of the 386.26 acres assessed filed objections, alleging, in substance, that their lands were assessed more than they were benefited and more than their proportionate share of the judgment, interest and costs. The North Wichert Drainage District, after the filing of the commissioners' roll, filed its petition in the county court asking leave to intervene in the proceeding. Such leave was granted. A jury was impaneled, which heard the evidence and viewed the lands in the district. The jury returned a verdict in and by which every tract of land described in the assessment roll, except the highways in Pembroke township and the two school sites, was assessed. The verdict reduced the assessments made by the commissioners' roll as filed

against the fourteen tracts and spread the reductions upon the eighty tracts which were described but not assessed in such commissioners' roll as filed. A motion for new trial made by many of the land owners was overruled and the court entered a judgment confirming the verdict of the jury. To review such judgment this writ of error was sued out.

The contentions of plaintiffs in error may be grouped as follows: (1) That the county court erred in allowing the North Wichert Drainage District to intervene; (2) that all orders of the court in the proceeding were void because the required statutory notice of the hearing on the original petition to levy the assessment was not given; and (3) that the county court erred in entering the judgment confirming the verdict because such court was without jurisdiction and the record does not sustain the judgment.

The evidence heard upon the petition of the North Wichert Drainage District to intervene is not preserved by a bill of exceptions. In the absence of a showing to the contrary by a proper bill of exceptions it will be presumed that the order of the county court was correct in permitting the North Wichert Drainage District to intervene in the proceeding. (*People* v. *Glasgow,* 301 Ill. 394; *Arnoldsville Building Ass'n* v. *Dempsey,* 339 id. 304; *People* v. *Arnett,* 317 id. 425; *Laird* v. *Dickirson,* 241 id. 380.) On the facts disclosed by the common law record the county court was fully warranted in permitting the North Wichert Drainage District to intervene in the proceeding. *Ackley* v. *Croucher,* 203 Ill. 530; *Wilmette Bank* v. *City of Des-Plaines,* 349 id. 106.

The second and third contentions of the plaintiffs in error against the validity of the judgment will be considered and disposed of together.

It is contended by the plaintiffs in error that three weeks' notice, as provided by section 3 of the Levee act, should have been given of the filing of the petition for

leave to make the assessment and like notice of the filing of the commissioners' roll. Section 3 pertains wholly to the notice to be given of a petition filed in a court of competent jurisdiction for the organization of a drainage district. There is nothing in that section pertaining to the giving of notice of the filing of an assessment roll or a petition asking for authority to levy or spread an assessment. It is obvious that the purpose of section 3 is to provide a procedure for the giving of notice to land owners whose lands may be affected by the organization of a drainage district. The sole purpose of the notice provided by section 3 is to give the land owners whose lands it is proposed to include within the district an opportunity to be heard upon two questions: (a) What lands shall be included in the district; and (b) what work or improvement is proposed to be made in such district.

It is admitted that a levy of $2700 would not pay the judgment. There was accumulated interest upon the judgment and court costs. Liability for attorneys' fees had been incurred in the proceeding. Section 13 of the Adjoining Drainage District act (Cahill's Stat. 1933, chap. 42, par. 100, p. 1143; Smith's Stat. 1933, chap. 42, par. 231, p. 1197;) imposed the obligation upon the drainage commissioners to pay the judgment entered originally against the Spring Creek Drainage District in the county court. The item of court costs, interest and attorneys' fees were mere incidents to the original judgment and the proceedings under which such judgment was obtained. It was just as necessary that the interest and costs be paid as that the judgment be paid, and the commissioners had the implied power, with the approval of the county court, to spread an assessment embracing those additional items and attorneys' fees. The provisions of section 13 of the Adjoining Drainage District act (Cahill's Stat. 1933, p. 1143; Smith's Stat. 1933, p. 1197;) being general, the commissioners had the implied power to do all things necessary to make the sec-

tion effective. *Canal Comrs.* v. *Village of East Peoria,* 179 Ill. 214; 36 Cyc. 1113.

Section 37 of the Levee act authorized the drainage commissioners to employ and pay attorneys in proceedings to organize the district and to conduct other proceedings in law and in equity for the same, such section providing, however, that such money shall be used under the direction and approval of the court. This section further provides for the levy of additional assessments when it shall appear to the county court that the previous assessment has been exhausted or is inadequate to complete the drainage work or to pay obligations incurred for the current expenses of the district.

Section 17a of the Levee act specifically points out that upon the filing of the commissioners' roll the commissioners shall give ten days' notice, in the manner provided by section 3 of the Levee act, of the time and place when and where they will appear before the court in which the petition is filed, for the purpose of having a jury impaneled and for the hearing by a jury upon all questions of benefits and damages to any of the lands in the district. That section directs the length of time the notice shall be given. Section 37 directs the method of the giving of the notice. Notice in compliance with the provisions of sections 17a and 37 was given of the filing of the commissioners' roll, and the court had full jurisdiction to impanel a jury and to proceed to a hearing upon the objections filed to the commissioners' roll and to enter the judgment in accordance with the verdict returned in that proceeding.

There is no error in the record requiring reversal. The judgment of the county court was in accordance with the law of the case, and the judgment is affirmed.

*Judgment affirmed.*