(No. 31245.—

The People *ex rel.* Ralph Rose, County Collector, Appellee, *vs.* Carrie M. Craig *et al.,* Appellants.

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

HAZEL I. CRAIG, and CARRIE M. CRAIG, appellants, *pro sese.*

JOHN J. BRESEE, State's Attorney, of Champaign, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

The plaintiff, the county treasurer and *ex-officio* county collector of Champaign County, on behalf of Okaw Drainage District, applied to the county court of Champaign County for judgments against and orders of sale of the lands of the defendants, Carrie M. and Hazel I. Craig, for delinquent taxes for the year 1948. Defendants filed objections to the collector's application. Evidence was heard and, on January 20, 1949, the court found that no sufficient defense had been made and entered judgment in favor of the collector and against twenty-five tracts or lots owned by defendants for the amount of twenty-five unpaid special assessments. Thereafter, defendants filed a motion to vacate the judgment of January 20 and, on March 10, this motion was overruled. Within the time extended for filing a report of trial proceedings, on July 8, a document captioned, "Bill of Exceptions," consisting of four single-spaced typewritten pages, was presented to the court reporter to be certified. Then follows in the handwriting of Hazel I. Craig above her signature, "The above & foregoing was supplied to appellants in the matter of tax objections heard on the above date,—by the court reporter,

as being a true & correct copy of objections to evidence therein, and which above copy was on July 8, 1949, offered to the court for his certificate, which same was refused." At the bottom of the fourth page, the following appears: "I hereby certify that Carrie M. Craig and Hazel I. Craig have this day presented to me a paper consisting of four pages designated by them as a bill of exceptions. Dated July 8, 1949. B. E. Morgan—County Judge of Piatt County, Illinois, sitting in exchange." Appearing *pro sese,* defendants prosecute this appeal, seeking a reversal of the judgment of January 20 and the order of March 10, 1949.

In the *praecipe,* defendants requested a report of the proceedings, certified to by the trial judge, as a part of the record on appeal. There is, however, no transcript of the evidence heard by the trial court on January 20, 1949, in the record filed in this court and no certificate to the evidence either by the court reporter or by the trial judge. Nor is there any certificate to the exhibits introduced upon the hearing. The record contains numerous motions and objections filed at other times and in hearings other than the one presently under consideration. In short, the record is incomplete and confusing. It has been improperly abstracted and fails to present the errors relied upon for reversal in such manner as to permit an intelligent review. Determination of the precise question or questions presented to the trial court for decision concerning which complaint is now made is difficult, if not impossible.

Rule No. 38 of this court provides that, in all cases, the party prosecuting an appeal in the Supreme Court shall furnish a complete abstract of the record and, further, that the abstract must be sufficient to present fully every error relied upon for a reversal. (Ill. Rev. Stat. 1947, chap. 110, par. 259.38.) A reviewing court does not search the record for the purpose of reversing a judgment. (*People ex rel. McWard* v. *Wabash Railroad Co.* 395 Ill. 243; *People ex rel. McWard* v. *Chicago and Illinois Midland Railway Co.*

388 Ill. 325.) Not only does the duty devolve upon a party prosecuting an appeal to furnish an abstract, conformably to rule No. 38, but, also, to include in the record evidence essential to the disposition of the contentions urged. (*People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382.) Rules of court are adopted to facilitate the work of the court and they have the force of law. (*Gyure* v. *Sloan Valve Co.* 367 Ill. 489.) Failure to comply with Rule No. 38 by submitting an abstract properly presenting the errors relied upon warrants a court of review in affirming the judgment. *Department of Finance* v. *Sheldon,* 381 Ill. 256; *Department of Finance* v. *Bode,* 376 Ill. 374.

If evidence was adduced by defendants in an effort to sustain their objections to the challenged taxes, the evidence relative to their objections has not been preserved and reported to this court. Since the evidence has not been properly preserved in the record either by a bill of exceptions or by a certificate of evidence, the presumption obtains that the facts recited in the judgment order are predicated upon sufficient evidence. So far as the record and abstract disclose, there is no indication of any error in the disposition by the trial judge of defendants' objections to the special assessments for the year 1948. The treasurer of Okaw Drainage District, on September 7, 1948, had made a return of delinquent special assessments to the county collector, in accordance with the applicable provisions of the Drainage Act. (Ill. Rev. Stat. 1947, chap. 42, par. 32.) The county collector published his annual delinquent list, including the lands of the defendants, pursuant to the Revenue Act. (Ill. Rev. Stat. 1947, chap. 120, par. 706.) The judgment order as it appears in the record sets forth three judgments against Hazel I. Craig and the amount of each, and, in like manner, twenty-two judgments against Carrie M. Craig. The judgment as it appears in the record describes the property and the

amount of taxes owing, conformably to the applicable statutory provision, (Ill. Rev. Stat. 1947, chap. 120, par. 716,) but the judgment order is not properly abstracted. The publication notice is also defectively abstracted. For practical purposes, there is before us neither a record nor an abstract of what transpired in the trial court.

Rule No. 39 (Ill. Rev. Stat. 1947, chap. 110, par. 259.39,) declares, in part, "The brief of appellant shall contain a short and clear statement of the case, showing, first, the nature of the action; second, the nature of the pleadings sufficiently to show what the issues were, and to present any question subject to review arising on the pleadings; third, in cases depending upon the evidence, the leading facts which the evidence proved or tended to prove, * * * with appropriate references to the abstract, and fourth, how the issues were decided upon the trial or hearing and what the judgment or decree was." The first portion of the brief entitled "Statement" does not contain a short and clear statement of the case. The four pages captioned "Propositions of Law and Authorities" bear little, if any, relation to the eight errors relied upon for reversal. Consisting of a single printed page of twenty-three lines, the "Argument" makes no reference to the objections interposed by defendants, to the record, to the propositions of law and authorities or to the abstract, but it deals, instead, in general fashion with a matter in no way involved with the tax objections.

The record does not contain the evidence adduced upon the hearing of defendants' objections to the taxes assailed; the abstract flagrantly violates Rule No. 38 of this court, and defendants' brief is inadequate to present such contentions as they may have intended to make.

For failure to comply with Rule No. 38 by filing a sufficient abstract, the judgment of the county court of Champaign County is affirmed.

*Judgment affirmed.*