(No. 31675.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHRIS IASELLO, Plaintiff in Error.

*Opinion filed November 27, 1951.*

JULIAN C. RYER, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, Chris Iasello, and others not here involved, were indicted jointly in the criminal court of Cook County for the crime of murder. Iasello pleaded not guilty when arraigned but later changed his plea to one of guilty and was sentenced to the penitentiary for a term of fourteen years. He has sued out this writ of error seeking to reverse the judgment of conviction and to secure his discharge from the penitentiary, on the sole ground that the court was without jurisdiction when the judgment was entered, inasmuch as he had not been admitted to bail nor brought to trial within four months from the date he was committed to the county jail for the offense charged, as provided in section 18 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1949, chap. 38, par. 748.) The cause is here on the common-law record with no bill of exceptions.

The record contains no information as to the date plaintiff in error was placed in confinement but his brief and argument fixes the date as being October 20, 1949. It is affirmatively shown, however, that plaintiff in error was indicted June 6, 1949, that he entered a plea of not guilty October 24, 1949, and that the cause was then assigned to Judge Klarkowski for trial. On November 7, 1949, plaintiff in error made a motion for separate trial, which was granted, and the cause was returned to the chief justice of the criminal court for reassignment. It was then assigned to Judge Reid November 16, 1949. The record shows that the cause was continued, apparently on the court's own volition, from November 9 to 16; then to December 14; then to January 16, 1950, and again to January 31. At the time of each continuance plaintiff in error demanded trial at the term of court then in progress. On January 31 plaintiff in error filed a petition for a change of venue from "Judge Reid and Judge Minor." When the petition was granted the cause was again returned to the chief justice who reassigned it to Judge McKinlay. The latter, on the same date of January 31, continued the cause to February 23. When the last-mentioned date was reached plaintiff in error made an oral motion for discharge for want of prosecution within the time required by law and again demanded trial at the current term. The court, however, continued the cause to March 6, 1950, on which date plaintiff in error presented a written motion for discharge for want of prosecution. In his brief here he points out that on March 6, four months and sixteen days had elapsed since he was confined to the county jail. On March 31, the court overruled the motion, whereupon plaintiff in error withdrew his plea of not guilty and entered a plea of guilty. He was then found guilty of murder as charged in the indictment and sentenced to the penitentiary.

In cases of this nature we have repeatedly held that where a defendant makes application for discharge to the

court where the indictment is pending, he must, in case of unfavorable action, preserve in the record, by bill of exceptions, the proceedings had upon such application, which then may be reviewed on writ of error. (*People* v. *Sweeney,* 409 Ill. 223; *People* v. *Farley,* 408 Ill. 194; *People* v. *Economac,* 243 Ill. 107.) There is no bill of exceptions before us in the present case and, without it, this court is left to determine the facts relating to the date of confinement from conjecture and from matters *de hors* the record. In order to bolster his contention, plaintiff in error has attached to the common-law record a copy of his motion for discharge, and a copy of a supporting affidavit. These, we are not at liberty to consider, for, where review is had upon the common-law record, the sole matter that may be considered by the reviewing court is error appearing on the face of the record, and matters may not be added by argument, affidavit or otherwise, to supply or expand the record. *People* v. *Loftus,* 400 Ill. 432.

Apart from the procedural deficiencies which bar the plaintiff in error from relief on review, it is our opinion that his contention must also fail for the substantive reason that an analysis of the record indicates that a substantial amount of the delay now complained of occurred upon his own application. Under the statute relied upon, it has been consistently held that where a failure to try the defendant within the time prescribed is occasioned by the defendant himself, the statute does not apply. (*People* v. *White,* 405 Ill. 152; *People* v. *Stillman,* 391 Ill. 227; *People* v. *Maniatis,* 297 Ill. 72; *People* v. *Hotz,* 261 Ill. 239; *People ex rel. Woodruff* v. *Matson,* 129 Ill. 591.) In the present case plaintiff in error successfully presented motions for a separate trial and for a change of venue, both of which occurred at a time when the cause was on call for trial, and both of which necessitated its return to the chief justice of the criminal court for reassignment to another judge. Although each motion was followed with

256

a demand for trial at the term of court then in progress, such a demand does not obviate the fact that delay necessarily resulted from each motion. Plaintiff in error thus created the necessity for postponement of his trial to an extent which precludes him from availing himself of the statute upon which he relies. The practical aspects of the delay caused by a defendant who was granted a separate trial from his codefendants, considered in the light of its relation to his right to discharge for want of prosecution under the provisions of the Criminal Code, were early considered by this court in *People ex rel Woodruff* v. *Matson,* 129 Ill. 591, and what was said there with respect to the delay which necessarily results from a motion for severance is equally applicable in the present case.

The criminal court had jurisdiction to try the plaintiff in error and its judgment of conviction is affirmed.

*Judgment affirmed.*