**The People of the State of Illinois, Appellee, v. George W. Rockett, Appellant.**

**Gen. No. 66–147M.**

Second District.

June 30, 1967.

Rehearing denied and opinion modified July 27, 1967.

Supplemental opinion July 27, 1967.

John R. Snively, of Rockford, for appellant.

William R. Nash, State's Attorney of Winnebago County, of Rockford, and Daniel D. Doyle, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the defendant, George W. Rockett, from a judgment finding him guilty of the unlawful use of weapons, in violation of section 24–1 of the Criminal Code (Ill Rev Stats 1965, c 38, par 24–1).

The defendant was taken into custody on September 25, 1965, for the offenses of being drunk and disorderly and possessing a concealed weapon. The next day he was admitted to bail, and on the 19th day of October, 1965, a criminal complaint was signed and sworn to by LaVerne Pickett, before a magistrate, charging the defendant with the criminal offense of unlawful use of weapons in violation of the aforesaid paragraph of the Criminal Code.

On October 22, 1965, the defendant was arraigned; entered a not guilty plea and the case was set for jury trial. On February 25, 1966, he filed a motion to dismiss the complaint alleging that the complaint was fatally defective; that it did not state an offense or set forth the nature and elements of the offense; and that the charge did not state the date and county of the offense. Subsequently, he filed a motion to dismiss the complaint and for his release from the obligations of his bail, and for discharge, in that he had not been tried within 120 days from the date he demanded a trial, as required under section 103–5 of the Criminal Code (Ill Rev Stats 1965, c 38, par 103–5). These motions were denied.

The defendant thereafter waived jury trial and the case was heard by the court. He was found guilty of the unlawful use of weapons, as charged in the complaint, and was sentenced to pay a fine of $100 and costs.

On appeal, the defendant asserts that the charge did not state an offense, the time and place or county where

the alleged offense was committed, and cites sections 107–9 and 111–3 of the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, pars 107–9 and 111–3) as authority to sustain his contention. The complaint follows, as nearly as possible, the language of section 24–1(a) (4) of the Criminal Code (Ill Rev Stats 1965, c 38, par 24–1(a)(4)). The heading of the complaint bears the designation, "State of Illinois" and "County of Winnebago," and specifies "That on the 25th day of September 1965, in said County," the defendant, "knowingly carried concealed on or about his person, a firearm, namely: a certain Colt .38 caliber Detective special, when not on his land, or in his own abode or fixed place of business," in violation of section 24–1 of the aforesaid Code provisions.

■ Cases construing the Code provisions in question indicate that no further specificity is required. People v. Williams, — Ill2d —, 228 NE2d 501 (1967); People v. Blanchett, 33 Ill2d 527, 532–535 incl., 212 NE2d 97 (1965); People v. Pride, 16 Ill2d 82, 86, 156 NE2d 551 (1959). Thus, we hold that the complaint fully complied with sections 107–9 and 111–3 of the Code of Criminal Procedure.

The defendant also contends that the Constitution of the State of Illinois, and section 103–5 of the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, par 103–5), guarantees to him the right to a speedy trial. We agree with this general statement of principle. The point of controversy arises in this case because the record reflects only that "The defendant being arraigned in open court enters his plea of not guilty and this case is set for jury trial." Such record makes no reference to the defendant making a demand for jury trial. However, the defendant filed a motion to dismiss the complaint and for release from bail and discharge for failure to bring him to trial within 120 days, which was sup-

27

ported by his affidavit wherein he stated that he demanded trial when arraigned on October 22, 1965, and that he was not brought to trial within 120 days from the date of such demand.

■ We believe that section 103–5 of the Code of Criminal Procedure, which states that every person on bail shall be tried within 120 days from the date the defendant demands trial unless the delay is occasioned by him, requires some affirmative act on the part of the accused, either in form of a written or an oral demand for trial, as reflected in the record in order to invoke the 120-day period. Such demand must be communicated to the State, preferably by written notice, but certainly by a formal motion which is preserved in the record. The only record of any demand for trial by the defendant is found in his affidavit which supported his motion.

There was no transcript of the proceedings at the trial in the record. It consisted solely of the matters in the files and records of the clerk, which are usually designated as the common-law record. Ill Rev Stats 1965, c 110, par 74(2); Supreme Court Rule 321. The transcript of the proceedings is in lieu of the old bill of exceptions, which was formerly required to review questions not arising on the common-law record. In the light of these facts, the case of People v. Iasello, 410 Ill 252, 102 NE2d 138 (1951) is quite pertinent.

In Iasello, the defendant, on review, also asserted that he had been denied a speedy trial as provided in section 18 of Division XIII of the Criminal Code (Ill Rev Stats 1949, c 38, par 748). The cause came before the Supreme Court on the common-law record with no bill of exceptions. At pages 254 and 255, the court stated:

"In cases of this nature we have repeatedly held that where a defendant makes application for discharge to the court where the indictment is pend-

ing, he must, in case of unfavorable action, preserve in the record, by bill of exceptions, the proceedings had upon such application, which then may be reviewed on writ of error. (People v. Sweeney, 409 Ill 223; People v. Farley, 408 Ill 194; People v. Economac, 243 Ill 107.) There is no bill of exceptions before us in the present case and, without it, this court is left to determine the facts relating to the date of confinement from conjecture and from matters de hors the record. In order to bolster his contention, plaintiff in error has attached to the common-law record a copy of his motion for discharge, and a copy of a supporting affidavit. These, we are not at liberty to consider, for, where review is had upon the common-law record, the sole matter that may be considered by the reviewing court is error appearing on the face of the record, and matters may not be added by argument, affidavit or otherwise, to supply or expand the record. People v. Loftus, 400 Ill 432."

██ ██ Under the doctrine of Iasello, we may unfavorably consider the defendant's affidavit and argument alleging that he demanded trial at the time of the arraignment, since both the argument and affidavit are self-serving. Where no report of proceedings is included in the record on appeal, the presumption is that there was sufficient evidence to sustain the decision of the trial court. Skaggs v. Junis, 28 Ill2d 199, 201, 202, 190 NE2d 731 (1963); People v. Cloutier, 64 Ill App2d 177, 184, 185, 212 NE2d 266 (1965). Also, in the absence of a report of proceedings, no issue of fact may be reviewed. People ex rel. Rose v. Craig, 404 Ill 505, 508, 89 NE2d 409 (1950); Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 295, 296, 210 NE2d 614 (1965).

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.

SUPPLEMENT TO OPINION ON DENIAL OF PETITION
FOR REHEARING

The defendant filed a petition for rehearing herein urging, among other things, that the defendant was not granted a speedy trial in compliance with the Constitution of the State of Illinois and the Code of Criminal Procedure in that the docket entry "The defendant being arraigned in open court enters his plea of not guilty and this case is set for jury trial," in itself was a sufficient demand to invoke section 103–5(b) of said Code. He also contends that the allegations of his motion to dismiss the complaint and for his release, and his affidavit in support thereof, must be considered on appeal since section 74(2) of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 74(2)), former Supreme Court Rule 27 (Ill Rev Stats 1965, c 110, par 101.27(8)), and present Rule 608, abolish all distinctions between the common-law record and the bill of exceptions and certificate of evidence—which bill and certificate are called the report of proceedings in our present procedures—for the purpose of determining what is properly before the reviewing court.

 We disagree with the defendant's contention that he was not granted a speedy trial for the reasons set forth in the original opinion and herein. However, we are in accord with his assertion that the Civil Practice Act and pertinent Court Rules abolished all distinctions between the common-law record and the report of proceedings for the purpose of determining what is properly before the reviewing court. It was not for this reason

30

■

that we refused to favorably consider the allegations of the defendant's affidavit and the argument of his brief alleging that he demanded a trial at the time of arraignment. People v. Iasello, 410 Ill 252, 102 NE2d 138 (1951), was not cited for this point.

■ Rather, we refused to consider the allegations of the defendant's affidavit and his argument in that: no report of proceedings was included in the record and in its absence no issue of fact may be reviewed (People ex rel. Rose v. Craig, 404 Ill 505, 508, 89 NE2d 409 (1950); Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 295, 296, 210 NE2d 614 (1965)); the affidavit and argument were self-serving and could not override the presumption that there was sufficient evidence to sustain the decision of the trial court (Skaggs v. Junis, 28 Ill2d 199, 201, 202, 190 NE2d 731 (1963); People v. Cloutier, 64 Ill App2d 177, 184, 185, 212 NE2d 266 (1965)); and where the record on appeal is incomplete, the reviewing court will indulge every reasonable presumption favorable to the judgment appealed from (People v. Allen, 411 Ill 582, 583, 104 NE2d 768 (1952); People v. Lisle, 390 Ill 327, 329, 61 NE2d 381 (1945); People v. Zimmerman, 57 Ill App2d 190, 192, 206 NE 2d 741 (1965)).

Our position is further sustained by present Supreme Court Rule 323(c) and former Rule 36–1(3)(c) which provide a procedure whereby an appellant-defendant may obtain a bystander's report of proceedings if no verbatim transcript is available. The Rules provide that the trial judge, under such circumstances, shall settle any differences with reference to the report of proceedings. Such procedure also existed under the common law (People ex rel. Hall v. Holdom, 193 Ill 319, 61 NE 1014 (1901); Weatherford v. Wilson, 2 Scam (3 Ill) 253, 256 (1840)), and it affords an appellant-defendant an opportunity to preserve in the record, by a transcript of proceedings, the errors which he relies upon on review.

31

However, the defendant did not see fit to seek the benefit of the foregoing rules.

In the case at bar, the common-law record as prepared from the clerk's notes, showed the docket entry made at the arraignment which set the case for jury trial. This portion of the record contained no indication or memoranda of the defendant making any demand for trial. The defendant was then out on bail and so remained, which fact would minimize the probability of such demand. However, this common-law record was augmented by the defendant's motion for discharge and his affidavit in support thereof wherein the defendant asserted that such demand had been made. Such pleadings were self-serving and, in our opinion, should not override the portion of the record which rests on the accuracy, veracity and trustworthiness of a disinterested clerk. This is the pronouncement of People v. Iasello, supra.

The presumption in favor of the regularity of proceedings in court will obtain until overcome by a showing that error has been committed. The judgment of the trial court is presumed to be correct until the contrary is shown. Simpson v. Simpson, 29 Ill2d 49, 51, 193 NE2d 10 (1963); Hickey v. Spring Creek Drain. Dist., 356 Ill 204, 207, 190 NE 282 (1934); People v. Glasgow, 301 Ill 394, 395, 134 NE 19 (1922). The burden was on the defendant, in case of an unfavorable action on his application for discharge, to preserve in the record, by a transcript of proceedings, the error sought to be reviewed, People v. Iasello, supra.

For the foregoing reasons, we adhere to the opinion as adopted and the petition for rehearing is denied.