THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK CLANTON, Defendant-Appellant.

(Nos. 58006, 58749 cons.;

First District (4th Division)—December 19, 1973.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Mariann Twist, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Jack Clanton, was convicted of aggravated battery at a bench trial in the Circuit Court of Cook County and was sentenced to a term of two to six years.

On appeal the defendant contends the State failed to prove beyond a reasonable doubt that he was not acting in self-defense.

On May 29, 1971, the complainant, Robert Auston, returned to his home at 3810 West Fillmore between 2:30 and 2:40 in the afternoon. He stopped his car on the street in front of his home and parked back of his brother-in-law's car, which was double parked alongside his brother's car. When his brother-in-law pulled away, he pulled up and double parked alongside his brother's car.

Fillmore is an east-west street with a north-south alley bisecting the 3800 block. When Auston saw a car in the south portion of the alley

where the street and alley meet, he backed his car into the alley on the north side of the street. The car in the alley, driven by the defendant, drew alongside Auston's brother's car and directed profane language toward him. The complainant left his car, approached the defendant's car, and asked what the trouble was. The defendant responded, "I don't like your driving." He then picked up a gun from the seat, shot Robert Auston in the jaw, and drove away.

The defendant testified he saw the complainant approach him with a knife in his hand and shot in self-defense. One eye-witness testified he saw the complainant approach the defendant and take something shiny out of his pocket but he did not know what it was. The trial judge found the testimony of this witness with respect to the location of himself and the principals' to be physically impossible.

The complainant, his brother, his father, and a neighbor, who was looking out her window at the time of the incident, all testified that neither the complainant nor his brother were armed.

■■ The defendant contends the State failed to prove beyond a reasonable doubt that he was not acting in self-defense. The basis of the argument apparently is the defendant's testimony that the complainant was coming at him with a knife, and the testimony of one witness who said he saw the complainant with something shiny in his hand. The law in Illinois with respect to the credibility of witnesses in bench trials is stated in *People v. Arndt* (1972), 50 Ill.2d 390, 396:

> "The credibility and weight to be given to the testimony of witnesses is a matter for the trial court's determination and will not be disturbed unless palpably erroneous."

■ It is also well settled that conflict in testimony does not of itself establish a reasonable doubt. (*People v. Kelly* (1956), 8 Ill.2d 604.) In this case the trial judge stated he found the testimony of the defense witness to be physically impossible and apparently chose not to believe the defendant's testimony. After reading the record we conclude there is substantial evidence of support the finding.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.