THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOE N. COLEMAN (Impleaded), Defendant-Appellant.

Fourth District   No. 13755

Opinion filed July 5, 1977.

Richard J. Wilson and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

At approximately 12:30 a.m. on September 7, 1974, defendant Coleman, Eric Walker, and another man entered the house of Mike Terry and Jim Johnson in Springfield, Illinois. Defendant identified himself as Solomon Burke, Illinois Bureau of Investigation agent, then displayed a badge and gun telling the people in the house, "This is a bust." Several persons, who later arrived at the house, were tied up while the three intruders searched various rooms of the house. Approximately $430 was taken from the house.

Prior to trial, defendant filed a motion for severance alleging his defense was antagonistic to Walker's. Walker's attorney was then granted leave to withdraw from the case. At the February 20, 1975, hearing on the severance motion, Walker's second attorney moved to withdraw from the case. Defendant argued that he was ready to go to trial on February 26, 1975; that he had incurred expenses in subpoenaing witnesses; and that he was a victim of Walker's difficulties in finding an attorney. Defendant's counsel stated:

> "I think that our motion for severance thus takes even more of an important position in the court's consideration because we have a situation here where we're ready and willing to go to trial, and I think it would be a speedy trial if it were held next Wednesday.
>
> And although I'm not suggesting that there is any statutory violation in the continuance—I don't think that's the case—I think that in the best interest of justice and in the best interest of both defendants the cases should be severed and Mr. Coleman tried next Wednesday and that case resolved.
>
> If Mr. Walker finds an attorney, he can have that attorney defend him at any time he cares to choose. If he never finds an attorney, it will not affect Mr. Coleman's day in court."

The State argued that it would be unfair for the case to have to be tried twice simply because defendant wanted to go to trial on February 26. The court made no ruling and told the parties to plan to go to trial on February 26. Defendant was not, however, tried on that date. In March, Walker's latest attorney withdrew and the case was continued until May 5. On July 22, 1975, the cause was reset for trial on the court's own motion to August

25, 1975. On August 6, defendant filed a motion to dismiss for lack of a speedy trial alleging he had made a demand on February 20, 1975, and was entitled to dismissal pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)). Defendant's motion was denied and defendant was brought to trial on September 29, 1975.

The jury found defendant guilty of two counts of armed robbery, one count of burglary, and one count of impersonating a law enforcement officer. On November 5, 1975, defendant was sentenced to 10 to 30 years on each count of armed robbery, and 6 2/3 to 20 years for burglary, all to be served concurrently. No sentence was imposed on the impersonation charge.

■■■ Defendant raises four issues for review. First, he argues that his trial counsel's statements at the February 20, 1975, hearing on the severance motion amounted to a speedy trial demand. If so construed, defendant was denied his right to a speedy trial. However, we do not believe that defense counsel's remarks can be construed as a demand for a speedy trial. While no magic words are required to constitute a speedy trial demand, there must be some affirmative statement in the record that requests a speedy trial. (*People v. Placek* (1975), 25 Ill. App. 3d 945, 323 N.E.2d 410.) Viewing the circumstances surrounding counsel's statements, we conclude that he was attempting to pursuade the court to grant defendant's motion to sever. While a speedy trial demand need not be made in writing, it is not to be disguised in ambiguous language but should be designed to communicate the fact to the court by formal motion preserved in the record. See *People v. Rockett* (1967), 85 Ill. App. 2d 24, 228 N.E.2d 219.

Second, defendant contends he was denied his right to a fair and impartial trial by an impartial jury. Specifically, he refers to the fact that after the verdict was announced and the jury polled, defendant's attorney requested and received permission to make a record of the conversation the bailiff had with one of the jurors before the jury returned its verdict. A bailiff named "Marge" gave unsworn testimony that one of the female jurors asked her if defendant took down the names and addresses of the jurors during voir dire. The bailiff told the juror she would check with defense counsel. Later the bailiff told the juror that defendant did not have a list of names.

■■ Defendant argues that the juror feared retailiation from the defendant and because of this fear, was biased against defendant. This argument is based entirely on speculation and conjecture. The record fails to disclose that the juror had any predisposition to find defendant guilty. If one were to assume that the juror feared defendant, it would be equally or perhaps more plausible to assume that her fear would have rendered

her more likely to vote to acquit defendant. Mere suspicion of a bias in a juror is insufficient to impeach the verdict (*People v. Cole* (1973), 54 Ill. 2d 401, 298 N.E.2d 705), and the defendant has shown this court nothing more.

■■ Third, defendant argues it was error for the court to refuse his alibi instruction. Illinois Pattern Jury Instructions (IPI), Criminal, No. 24.05 (1968) recommends that no alibi instruction be given. In *People v. Poe* (1971), 48 Ill. 2d 506, 272 N.E.2d 28, *cert. denied* (1971), 404 U.S. 942, 30 L. Ed. 2d 256, 92 S. Ct. 292, the Illinois Supreme Court specifically rejected the giving of an alibi instruction and adhered to the IPI policy. This court has recently followed that decision in *People v. Sumner* (1976), 40 Ill. App. 3d 832, 354 N.E.2d 18. The instruction, therefore, was properly denied.

■■ Finally, defendant contends that it was error for the trial court to impose multiple convictions for the two counts of armed robbery, one count of burglary and one count of impersonating a police officer. Defendant relied solely on *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, which was the law at the time this case was briefed. However, since that time our supreme court has decided *People v. King* 66 Ill. 2d 551, 363 N.E.2d 838, which rejects the independent motivation test relied on in *Williams*. The court held in *King* "the when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (66 Ill. 2d 551, 566.) Applying this test to the present case, we conclude that the multiple convictions were proper. The armed robbery convictions were for separate offenses because there were separate victims. (*People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601, *cert. denied* (1973), 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731.) The burglary conviction may stand since burglary is not a lesser included offense to armed robbery; it has different elements. So, too, the conviction for impersonating a police officer is a separate offense under *King*.

For the foregoing reasons, the judgment and sentence of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN and REARDON, JJ., concur.