THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM MENENDEZ, Defendant-Appellant.

First District (3rd Division)   No. 78-1592

Opinion filed May 28, 1980.

James J. Doherty, Public Defender, of Chicago (Brian L. Heise, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

A jury found defendant, William Menendez, guilty of aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4), and he was sentenced to a term of 3 to 9 years. He claims that he was denied a fair trial because of the following alleged errors: (1) he was not found guilty beyond a reasonable doubt; (2) hearsay evidence was improperly admitted; (3) persistent questioning by the prosecution over sustained objections was improper; (4) remarks made by the prosecution during closing argument were improper; and (5) he was not permitted to cross-examine a juror for bias. We affirm.

The victim, Alvaro Michel, lived on the second floor of a two-flat building in Chicago. Defendant had been living in the first-floor apartment with his girl friend, Maria Alvarez, for most of the preceding four months. On November 3, 1976, around 11 a.m., defendant wanted to enter the first-floor apartment, but he did not have a key. Michel refused to admit him and summoned the police. The officers told defendant he would either have to get a key or bring his girl friend back with him. Defendant entered his car and left.

Around 8:30 p.m., Michel heard a knock on the entrance door to the building. He went down, opened the door about two feet, and saw defendant. Defendant asked him several times to open the door to Alvarez's apartment. Michel refused and shut the door when he saw defendant removing a weapon from under his coat. Michel heard a "bam," saw the glass from the door shatter, and felt that he was hit. He called the police and was taken to a hospital for treatment of a shotgun wound in his arm. Michel told police that William Menendez or Malendez was the man who had shot him. But he indicated that he might not wish to sign a complaint because he did not like problems. Three days later, the police found and arrested the defendant at his parents' home. At trial, defendant presented three witnesses whose testimony showed that he was at his parents' home until 10:30 p.m. on the day of the shooting.

■■ In support of his contention that he was not proved guilty beyond a reasonable doubt, defendant first attacks the credibility of Michel on the basis that there are discrepancies in his testimony. However, the only true discrepancy noted by defendant is a distinction between Michel's testimony at the preliminary hearing and at trial as to what defendant said just prior to the shooting. The differences are inconsequential and since they do not involve a material fact, the discrepancy does not destroy Michel's credibility but only affects the weight to be given his testimony. See *People v. Sulton* (1970), 130 Ill. App. 2d 1098, 1106, 266 N.E.2d 351,

358; *People v. Lonzo* (1974), 20 Ill. App. 3d 721, 725, 315 N.E.2d 256, 259.

The other "discrepancy" relied upon by defendant concerns testimony given by a witness which conflicts with that given by Michel. Since the jury is the arbiter of the credibility of witnesses and the weight to be afforded their testimony, we will not substitute our judgment for that of the jury merely because the evidence is conflicting. (See *People v. Bolger* (1934), 359 Ill. 58, 68, 194 N.E. 225, 229; *People v. Akins* (1976), 39 Ill. App. 3d 908, 914, 351 N.E.2d 366, 370.) Conflict in testimony does not of itself establish a reasonable doubt. *People v. Clanton* (1973), 16 Ill. App. 3d 593, 594, 306 N.E.2d 486, 487.

■■ Defendant next contrasts Michel's identification of defendant with defendant's alibi to bolster his argument that he was not proved guilty beyond a reasonable doubt. Defendant presented three relatives whose combined testimony showed that defendant never left his parents' home until 10:30 p.m. on the day of the shooting. Therefore, defendant argues, since defendant's alibi was positive and basically unimpeached, the conviction must be reversed. However, a reasonable doubt is not created merely because there is evidence of an alibi. (See *People v. Bote* (1942), 379 Ill. 245, 258, 40 N.E.2d 55, 61.) Nor is a jury obligated to believe alibi evidence offered by the accused. (See *People v. Ault* (1963), 28 Ill. 2d 34, 36, 190 N.E.2d 815, 816.) Positive identification of a defendant, if made by a credible witness, may be sufficient to sustain a guilty verdict even though the accused presented uncontradicted alibi evidence, or called more witnesses to support the alibi than were called to identify the accused. *People v. Habdas* (1968), 94 Ill. App. 2d 330, 338, 236 N.E.2d 731, 734.

Here, Michel was acquainted with defendant, who had been living in the first floor apartment in his building for several months. The record indicates that there was sufficient lighting to enable Michel to get a clear view of his assailant, and he made a positive identification of defendant. Any impeachment of Michel's testimony was minor. Under the circumstances, the evidence is sufficient to support the jury's decision.

■■ Defendant next contends that certain hearsay evidence was improperly admitted. One of the arresting officers testified that just prior to defendant's arrest, two unidentified females had told them that defendant was not on the premises, although a search revealed otherwise. Defendant argues that he was prejudiced by this testimony because the two unidentified females were not produced and he was therefore not given a chance to cross-examine them. Defendant contends the admission of the testimony was damaging because it indicated that he attempted to avoid capture. However, the testimony was not introduced to prove the truth of the matter asserted, but to explain the circumstances surrounding defendant's arrest. The judge specifically ruled that the testimony was not being offered to prove the truth of the matter asserted, and instructed the

jury as to the permissible use of the evidence. Moreover, even if the testimony was improperly admitted, we are unable to find that its admission constitutes reversible error since the verdict is sufficiently established by other proper evidence.

Defendant next contends that the prosecutor improperly persisted in asking prejudicial questions regarding the victim's prior heart condition, even after defense counsel's objections had been sustained. Defendant maintains that the questioning denied him a fair trial because it made the jury sympathetic toward the victim and constituted blatant prosecutorial misconduct. While we agree that some of the questions may have been improper, they do not warrant reversal.

■■ The court had denied a defense motion *in limine* which sought to preclude any questions regarding Michel's prior physical condition. The court stated that it preferred to make its rulings in the matter on an ad hoc basis, and, therefore, the prosecution was not foreclosed from posing questions concerning the victim's prior condition. If there was any error in the questioning, it was cured because the court sustained an objection in each instance and instructed the jury to disregard the questions. (*Cf. People v. Franklin* (1976), 42 Ill. App. 3d 408, 422, 355 N.E.2d 634, 646.) Moreover, the mere cumulative effect of a court having to sustain objections to repeated improper questions is not a ground for reversal unless prejudice is shown. (*People v. Pickett* (1976), 35 Ill. App. 3d 909, 915, 342 N.E.2d 766, 771.) Here, the challenged questions involve only a minor matter and no prejudice to defendant is discernible.

■■ Defendant also contends that he was prejudiced by alleged improper remarks made by the prosecutor during closing argument and that he was prejudiced by the closing argument taken as a whole. We have examined the closing argument and we do not believe any prejudicial error occurred. The alleged errors cited by defendant were clearly minor. The issue is not whether the closing argument was proper in all respects, but whether the improper remarks reached a magnitude which deprived defendant of a fair trial. (See *People v. Fort* (1976), 44 Ill. App. 3d 62, 66, 357 N.E.2d 1365, 1369.) Here, the alleged errors, taken separately or as a whole, did not deprive defendant of a fair trial.

Defendant's next contention is that the court abused its discretion during a post-trial hearing by denying defendant the opportunity to fully cross-examine a juror for possible bias. At the hearing, defendant alleged that a juror had not responded correctly to a question asked on voir dire. According to defendant, the juror had not responded when the prospective jurors were asked whether they had friends who had been victims of crimes. Defendant maintains that after the trial, the juror told two people that his friend had been the victim of an armed robbery and had refused to sign a complaint because of threats made against his family. Defendant claims that the juror, as a result of his friend's

experience, was biased and predisposed to believe the prosecution's argument that Michel hesitated to prosecute because he feared defendant.

■■ The juror was called as the court's witness and was cross-examined by defense counsel. He denied that he had a friend who had been the victim of a robbery. He further testified that he had viewed the testimony presented at defendant's trial in a fair and impartial manner. Although a defendant should have the widest latitutde in cross-examining a witness for bias (*People v. Garrett* (1976), 44 Ill. App. 3d 429, 436, 358 N.E.2d 364, 370), the scope of cross-examination rests within the court's discretion (*People v. Murdock* (1977), 50 Ill. App. 3d 198, 205, 365 N.E.2d 1301, 1307). The record does reflect that defendant's cross-examination was abbreviated by the court because it was unclear whether the prospective jurors had been asked if they had friends who were victims of crimes. The transcript of the voir dire proceedings was not available at the time the juror testified. At defendant's request, however, the court stated that the juror could be recalled if the transcript showed that the question had been put to the prospective jurors. Although the record shows that the question was asked, defendant never requested that the juror be recalled. We find that any restrictions placed on defendant's cross-examination of the juror did not deny defendant an adequate opportunity to expose bias. Nor does the record support a charge of bias. Mere suspicion of bias in a juror is insufficient to impeach the verdict. (See *People v. Coleman* (1977), 50 Ill. App. 3d 40, 43, 365 N.E.2d 246, 248.) The defendant's contention is without merit.

Accordingly, the judgment is affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.