(No. 19881.—)

SIDNEY BROWN *et al.* Plaintiffs in Error, *vs.* FRANK
KIENSTRA *et al.* Defendants in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 11, 1930.*

ROBERT FERDINAND TUNNELL, for plaintiffs in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendants in error, Frank Kienstra and Joseph Kienstra, recovered a judgment for $189.14 in the circuit court of Madison county in a suit upon a promissory note, the

cause being heard upon appeal from a judgment before a justice of the peace. An appeal was taken to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed. Plaintiffs in error have sued out a writ of error from this court.

Section 120 of the Practice act makes a judgment of the Appellate Court final in cases *ex contractu* unless such court shall grant a certificate of importance and an appeal to this court or this court shall require by *certiorari* the case to be certified to this court. The constitution gives to this court original jurisdiction in certain classes of cases and appellate jurisdiction in all other cases, and the appellate jurisdiction, except in criminal cases and cases involving a franchise or freehold or the validity of a statute, is within the control of the General Assembly, subject only to constitutional restrictions. Section 120 of the Practice act is not subject to any constitutional objection. (*McGinnis* v. *McGinnis,* 289 Ill. 608; *Liska* v. *Chicago Railways Co.* 318 id. 570.) Where, however, the Appellate Court by its judgment deprives one of the parties of a constitutional right and a constitutional question is injected into the case for the first time by the judgment of the Appellate Court, such party has the right to have such judgment reviewed upon a common law writ of error. *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343; *Segal* v. *Chicago City Railway Co.* 325 id. 43.

Plaintiffs in error have assigned as error in this court that the judgment of the Appellate Court was in violation of section 2 of article 2 of the constitution of Illinois and constituted a taking of the property of plaintiffs in error without due process of law. From an examination of the statement, brief and argument of plaintiffs in error we find that the alleged violation of plaintiffs' constitutional right consisted, as they claim, in the trial court's not having found the facts correctly and having erred in the matter of giving instructions and in the Appellate Court's affirmance of the trial court's judgment.

The constitution does not guarantee the infallibility of the decisions of courts. To constitute due process of law, orderly proceedings according to established rules which do not violate fundamental rights must be observed, but a general law administered in its legal course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process of law. (*People* v. *Rathje*, 333 Ill. 304; *People* v. *Rettick*, 332 id. 49; *Italia America Shipping Corp.* v. *Nelson*, 323 id. 427; *People* v. *Apfelbaum*, 251 id. 18.) The record in this case shows that all of the constitutional rights of plaintiffs in error were fully conserved, and no grounds whatever are shown which would give this court jurisdiction of the cause.

The writ of error is therefore dismissed.

*Writ dismissed.*