(No. 21519.— )

LUCY C. CATHERWOOD, Plaintiff in Error, *vs.* HENRY C. MORRIS, Defendant in Error.

*Opinion filed February 23, 1933—Rehearing denied April 5, 1933.*

CHARLES B. ELDER, and TIM G. LOWRY, for plaintiff in error.

MORRIS ST. P. THOMAS, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Lucy C. Catherwood filed a bill in the circuit court of Cook county against Henry C. Morris and others for an accounting. The bill was dismissed for want of equity.

The complainant appealed to this court and the decree was affirmed. (*Catherwood* v. *Morris,* 345 Ill. 617). Thereafter she made a motion in the circuit court to re-tax the costs. The motion was denied and she prosecuted an appeal to the Appellate Court for the First District. Henry C. Morris, the appellee in that court, made a motion to dismiss the appeal, and the motion was granted. Asserting that the Appellate Court, by the dismissal of the appeal, invaded her constitutional rights, Mrs. Catherwood prosecutes this writ of error.

The decree entered upon the bill for an accounting, after the part dismissing the bill for the want of equity, requiring the complainant to pay all the taxable costs, and awarding execution, proceeded: "No objection being made to the fees and charges of the said master, as shown by the master's certificate of services appended to his report, they are allowed in the sum of $14,599.20; and it appearing from said certificate that $3000 of that amount was paid to said master by the defendant, Henry C. Morris, it is ordered that said amount be taxed as costs in his favor against said complainant, together with the further sum of $548.75 * * * paid to the master by said defendant, Henry C. Morris, as his share of the fee of the accountant employed by the master pursuant to the stipulation mentioned and set out in said master's report."

By the motion to re-tax, the plaintiff in error sought to have excluded from the costs fixed by the decree, the items of $3000 and $548.75 advanced by Henry C. Morris, the defendant in error, during the course of the hearings before the master in chancery. The finality of the decree is conceded, but it is argued that the provision which fixed the amount of the master's fees was tentative merely and therefore subject to review upon a motion made for that purpose.

The master certified his fees and charges to the circuit court. One of the questions presented to that court for

determination upon the final hearing was the allowance and taxation of costs. The plaintiff in error appeared at that hearing but failed to interpose an objection to the master's fees and charges. They were fixed as certified and taxed against the plaintiff in error. The sum was definite and the order for its payment was unconditional. Upon the review of the record of the cause by this court, no error was assigned or argued respecting the allowance or taxation of costs. The first review of the portion of the decree which concerned the costs of the suit was sought in the circuit court by the motion to re-tax after the decree had been affirmed and this court had lost jurisdiction of the cause.

The plaintiff in error had the right to object to the fees and charges of the master at the time his certificate was presented to the circuit court. (*Gottschalk* v. *Noyes,* 225 Ill. 94.) The master's fees in a chancery suit are in the nature of costs and should be allowed and taxed as such; and any party who deems himself aggrieved by an order respecting them, has the right to a review of the portion of the decree fixing and taxing such costs. (*Rasch* v. *Rasch,* 278 Ill. 261; *Wirzbicky* v. *Dranicki,* 235 id. 106.) The motion to re-tax costs in this case is in effect a collateral proceeding to review a decree by which, after an opportunity to be heard and without objection, master's fees in a definite sum were taxed. Upon review, errors other than the taxation of costs having been urged, the decree was affirmed. Obviously, the circuit court had no jurisdiction thereafter to modify the decree. The Appellate Court, therefore, did not, by the dismissal of the appeal in the present case, violate the constitutional provision against the deprivation of property without due process of law. To constitute due process of law, orderly proceedings according to established rules, which do not violate fundamental rights, must be observed. A general law, administered in its legal course according to the form of procedure suitable and proper to the nature of the case, conformable to the funda-

mental rules of right and affecting all persons alike, is due process of law. *Brown* v. *Kienstra,* 337 Ill. 641; *People* v. *Rettich,* 332 id. 49; *Italia America Shipping Corp.* v. *Nelson,* 323 id. 427; *People* v. *Apfelbaum,* 251 id. 18.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*