Jack Lazarus, Trading as Crescent Bronze Powder Company, Appellee, v. Allied Finishing Specialties Company et al.
Appeal of Arnold Schwartz, Appellant.

Gen. No. 41,910.

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed December 9, 1942.

MILTON H. and EDWARD W. WEISS, both of Chicago, for appellant.

CHAPMAN, SILVERBERG & ANIXTER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

The defendant Schwartz appeals from part of the decree dismissing the complaint for want of equity, and from the order denying his motion to modify the decree.

Plaintiff sued for an injunction and for damages arising out of an alleged conspiracy on the part of the defendants to injure his business. The master found that there was a conspiracy; that plaintiff was damaged; that Schwartz had testified falsely and had admitted doing so; and recommended issuance of the injunction restraining defendant from using the name "Crescent Bronze Paint Works," or any similar name containing the words, "Crescent Bronze" and that nominal damages be assessed against Schwartz. The decree recited substantially the same findings, but found the plaintiff had sustained no damage, the injunction not warranted, and ordered the master's report confirmed in part and overruled in part; ordered the complaint dismissed for want of equity, and the costs divided equally against plaintiff and Schwartz. Schwartz thereafter moved to modify the decree by expunging the findings of fact. The order was denied.

The issues here are whether Schwartz can appeal from a decree in his favor, whether findings in a decree are appealable, whether findings in this decree should be expunged and whether costs were properly assessed.

While an appeal does not lie from findings of fact, any more than from a verdict, defendant is entitled to appeal from that portion of the decree, fixing the costs, which he considers adverse. Under the circumstances in this case, where the proceedings were somewhat extended, probably by reason of the equal efforts of the

plaintiff and Schwartz, we cannot say that the trial court abused its discretion in assessing the costs and, therefore, we believe the assessment made by the trial court was proper. Since Schwartz had the right to appeal from part of the decree, and the record of the entire case therefore being properly before us, we have a right to consider whatever other matters were duly raised and ruled upon by the trial court. We are, therefore, entitled to consider whether the trial court ruled properly on Schwartz' motion to modify.

Plaintiff sought injunctive relief and damages on the basis of an alleged conspiracy. The relief sought required proof of two elements,—the conspiracy and plaintiff's damage. The element of damages was not proved, there was proof alone of nonactionable conspiracy. The findings of fact in this case amounted to no more than an unnecessary exposition of Schwartz' moral aberrations, they serve no legal purpose and should not stand. It has been held by this court that findings of fact have no proper place in a decree dismissing a bill for want of equity. *Hibbard v. Mallers*, 184 Ill. App. 474.

The decree will be modified by striking out the findings of fact and, as modified, it is hereby affirmed.

*Decree affirmed as modified.*

BURKE, P. J., and HEBEL, J., concur.