Guy Read, Appellee, v. Walter J. Cummings, Receiver et al., Trading as Chicago Surface Lines, Appellants.

Gen. No. 43,142.

608

Opinion filed February 6, 1945.
Released for publication February 20, 1945.

FRANK L. KRIETE, W. F. MCLAUGHLIN and ARTHUR J. DONOVAN, all of Chicago, for appellants; WILLIAM J. FLAHERTY, of Chicago, of counsel.

CLARENCE M. DUNAGAN, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants to recover damages claimed to have been sustained by him as a result of the negligence in starting a street car, which he was in the act of boarding, before he had time to do so. There was a jury trial and a verdict and judgment in plaintiff's favor for $1,250. Defendants appeal.

Plaintiff's theory of the case is that about 10 o'clock on the morning of May 21, 1941, he was waiting for a southbound Clark street car at the proper place just north of Adams street. The day was warm, bright and the street dry; that the car stopped or virtually came to a stop at the proper place for a second or two; that as he reached for the bar or grab handle near the rear of the car it started up and he was thrown in the street and injured. Defendants' theory was that the street car stopped at the regular place, several passengers boarded the car and others alighted from it. That the conductor saw no one else waiting and signalled the car to go ahead, the traffic lights being green. The car started and when it had proceeded a short distance, plaintiff undertook to board it while it was moving and was thrown and injured.

Counsel for defendants say that the trial judge in passing on defendants' motion for a new trial refused

to consider the weight of the evidence and for this reason, the judgment should be reversed and the cause remanded. On the other hand, counsel for plaintiff says that the record discloses the court did consider the weight of the evidence in passing on the motion for a new trial. We think defendants' contention must be sustained.

In passing on defendants' motion at the close of all the evidence for a directed verdict in their favor, the court said that he was going to let the case go to the jury; that he did not feel he had the power of the Appellate court to judge the manifest weight of the evidence. "I still feel the rule that the *nisi prius* judge is subject to is, to let it go to the jury if the plaintiff's evidence, with its best face, reasonably tends to prove his case and even if the witnesses against him were ten to one, I feel that it is an Appellate Court matter, if it is anybody's." The law on this subject is plain. Where a motion is made by defendant at the close of all the evidence to direct a verdict, the court cannot weigh the evidence, but the evidence must be considered in the light most favorable to plaintiff and obviously such motion should then be denied if there is any evidence, more than a scintilla, that may be reasonably construed to prove plaintiff's case. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206. But after the verdict is returned a different question arises. It is then the duty of the trial judge to consider the weight of the evidence and if he is of opinion that plaintiff has not proven his case by a preponderance of the evidence, taking into consideration the fact that the jury has found otherwise, it is his duty to set aside the verdict and grant a new trial. And if the court does not do so but overrules the motion and enters judgment and the case is then brought to this court, we are not authorized to disturb the verdict on this ground unless the verdict and judgment are against the manifest weight of the evidence. This court in passing on the question

must take into consideration not only the verdict of the jury but the fact that the trial judge saw and heard the witnesses, overruled the motion for a new trial and entered judgment. It requires much more for this court to set aside a verdict and judgment than is required of the trial judge. It is his duty to set aside the verdict if he is of opinion that the plaintiff has not sustained his case by a preponderance of the evidence, while the question of the preponderance of the evidence does not arise at all in this court. (*Valant v. Metropolitan Life Ins. Co.*, 302 Ill. App. 196; *Sears, Roebuck & Co. v. Mears-Slayton Lumber Co.*, 226 Ill. App. 287–290.) We are not authorized to disturb the verdict and judgment unless we are of opinion that it is against the manifest weight of the evidence. In the late case of *Emiers' Motor Service, Inc. v. Cummings, et al.*, 323 Ill. App. 653 (Abst.), we said: ''Their verdict was in favor of plaintiff. They saw and heard the witnesses testify, their verdict was sustained by the trial judge who also saw and heard the witnesses testify. They were in a better position to determine the truth of the matter in controversy than are we sitting in a court of review where we have but the printed page before us. Upon a consideration of all the evidence in the record and the argument of counsel, we are unable to say that the verdict of the jury, approved as it was by the trial judge, is against the manifest weight of the evidence.'' This has long been the law in this state. See also *Elmore v. Cummings,* 321 Ill. App. 234; *Miller v. Cummings*, 323 Ill. 297; *Parthie v. Cummings*, 323 Ill. App. 296; *Stein v. Cummings*, 319 Ill. App. 646.

In the instant case the court, in passing on defendants' motion for a new trial, filed a written statement in which he, among other things, said: ''I still feel that the court which, knowing all of the evidence and the facts, must submit it to the jury under the law, should not, because he disagrees with a verdict, reverse same. In effect, this tells them that if they agree with the court their verdict stands, if it does not,

it is worthless.'' We think this is an incorrect statement of the law and was not in accordance with what we have hereinbefore stated.

The trial court, in passing on the motion for a new trial having failed to consider the weight of the evidence, the judgment cannot stand, and since we have no authority to pass on this question (*Ottawa, Oswego & Fox River Valley R. R. Co. v. McMath*, 91 Ill. 104; *Armour v. Penn. R. R. Co.*, 353 Ill. 575; *Walaite v. C. R. I. & P. Ry. Co.*, 376 Ill. 59; *Zwierzycki v. Met. Life Ins. Co.*, 316 Ill. App. 345) the judgment of the Superior court of Cook county is reversed and the cause remanded to that court with directions to pass on this question.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and MATCHETT, J., concur.