**Annette Basinski, et al., Appellees, v. Zygmunt Basinski, Appellant.**

**Gen. No. 47,495.**

First District, First Division.

February 9, 1959.

Released for publication March 3, 1959.

Gariepy and Gariepy, of Chicago (Fred A. Gariepy, John Spalding, of counsel) for appellant.

No appearance for appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from certain orders and a judgment entered by the Superior Court of Cook County dismissing consolidated suits, approving the master in chancery's certificate of fees and entering judgment against both parties therefor, together with other orders incidental thereto.

Annette Basinski, hereafter referred to as the plaintiff, filed a complaint for divorce, subsequently amended to an action for separate maintenance, against her husband Zygmunt Basinski, hereafter referred to as the defendant. The defendant had previously filed a complaint for injunction against the plaintiff to restrain her from interfering with the operation of the furniture business which he conducted, and a temporary injunction had been issued by the

court. Both suits were consolidated. The plaintiff moved for temporary alimony and solicitor's fees and to dissolve the temporary injunction, and made a demand for the return of certain money allegedly held by the defendant. The defendant moved for a temporary injunction to restrain repossession of a Ford truck by a third party defendant, Gerda Emory, and the foreclosure of a chattel mortgage on the vehicle. The validity of that chattel mortgage was questioned. All of these matters were referred to Master in Chancery Seymour S. Price to take evidence and make a report. The master held various hearings on the matters. He did not make a report to the court within the time fixed and the plaintiff made a motion to have the time within which the master might report extended, which motion was denied. No report was ever filed by the master.

On January 8, 1958 the cause was placed on the divorce trial call and on March 5, 1958 was assigned to a judge for trial. On March 6, 1958 the plaintiff moved to dismiss her cause. The motion was entered and continued to March 17, 1958 to permit the master to file a certificate of services, with directions to the master to serve a copy of the certificate on counsel. On March 12, 1958 the master filed his certificate, to which the defendant filed objections, and on March 18, 1958 the defendant filed a petition praying that the master return to him the deposit of $500 which the master had previously demanded and received ($1,000 had been paid to the master, $500 by the plaintiff and $500 by the defendant). On March 18, 1958 the court entered an order dismissing the consolidated cases without prejudice and after overruling the objections of the defendant ordered that the master's certificate of services, fees and charges be approved in the sum of $2,930.80, to be paid equally

by the plaintiff and the defendant. In that order it was stated: "On motion of the Court and by agreement of the parties and the parties hereto desiring to reconcile, said desire being evidenced in open Court, and the Court having heard argument by counsel and being fully advised in the premises . . ." On the same day the court entered the following order: "Defendant herein by his counsel objecting to the entry of the order of dismissal of cause this day entered assessing and allowing Master's fees and costs, overruling his written objections filed herein to said Master's certificate and denying relief in his petition this day filed . . . same said objections are all overruled." On March 21, 1958 the defendant filed a petition in the court in which he denied that there was any reconciliation between the parties and that the defendant did not agree to the dismissal of the suit or to the allowance of master's fees against the petitioner, and denied *in toto* any agreement contained in the order of March 17 [sic], 1958, and asked that the said order be vacated and set aside or that the first paragraph stating that it was by agreement of the parties be expunged.

On March 21, 1958 Seymour S. Price filed a petition asking for judgment on the finding of the court that the master was entitled to the sum of $2,930.80, and asking that the order entered on March 18, 1958 be amended to approve the charges of the master in the said sum, that judgment be entered in favor of Seymour S. Price, master in chancery, against the plaintiff and the defendant for the said sum, and that execution issue upon such judgment. On the same day the court entered an order denying the petition of the defendant to vacate the order of March 18, 1958 and also entered an order overruling the objections of the defendant to the entry of an order granting the relief

prayed for by Price, and on the same day an order for judgment in favor of Price in accordance with his petition was entered.

No brief was filed in this court by the plaintiff Basinski, third party defendant Emory or by Seymour S. Price. Seymour S. Price did file in the court a motion to dismiss the appeal, counter suggestions were filed thereto, and the motion was taken with the case. On this state of the record we would be justified in reversing and remanding the cause without any further discussion. 2 I. L. P. Appeal and Error, sec. 560; C. I. T. Corporation v. Blackwell, 281 Ill. App. 504; Ohnstein v. Levy, 349 Ill. App. 161.

If the cause is considered on the merits it still must be reversed and remanded. Section 52 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 52) provides that after trial or hearing begins the plaintiff can only dismiss his cause on terms fixed by the court upon filing a stipulation to that effect signed by the defendant or on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof, and it further provides that after a counterclaim has been pleaded by the defendant no dismissal may be had as to him except with his consent. We have held that the word "hearing" as used in this section applies to hearings before a master in chancery and that once such a hearing has been commenced the plaintiff has no right to dismiss except in compliance with the statute. Menard v. Bowman Dairy Co., 296 Ill. App. 323; Woodlawn Union Baptist Church v. Martin, 320 Ill. App. 684; Olesen v. Trust Company of Chicago, 4 Ill. App.2d 372. In the instant case a hearing had been commenced and some 758 pages of testimony had been taken. The statute was not complied with in that no stipulation was filed nor was a motion supported by affidavit or other proof made in the trial court. It

is true that the order dismissing the cases (dated March 17, 1958, but which the record shows was entered on March 18, 1958) contained a statement that the dismissal was by agreement of the parties. That statement, however, is flatly contradicted by the order, also dated March 17, 1958 and entered on March 18, 1958, in which the court overrules the objection of the defendant to the entry of the order of dismissal as well as to the order assessing and allowing master's fees and costs. The order of dismissal must be vacated.

█ In his motion to dismiss the appeal which was taken with the case Seymour S. Price sets up that the appeal should be dismissed because an appeal does not lie from a consent decree such as was entered here. We have found that the decree was not a consent decree or order. He also contends that the appeal should be dismissed because this is a judgment for costs only and hence is not a final and appealable order. In Catherwood v. Morris, 351 Ill. 557, the court held that any party who deems himself aggrieved by an order as to master's fees has a right to a review of the portion of the decree fixing and taxing such costs if he has made the proper objections in the trial court. Rasch v. Rasch, 278 Ill. 261; Lazarus v. Allied Finishing Specialties Co., 316 Ill. App. 667. Here the defendant did make the necessary and proper objections and the appeal was proper. The motion of Seymour S. Price to dismiss the appeal is denied.

The master's fees were apportioned equally against both the plaintiff and the defendant, and a joint judgment was entered in favor of the master. The court at the time of the hearing stated that the parties had so agreed. This was denied by the attorney for the defendant. There is no indication in the record as to when this agreement was made or whether it was to depend upon a reconciliation of the parties and an

341

agreed dismissal of the cause. The master's certificate for services, fees and charges was not properly itemized nor was there any hearing had by the court after objections had been filed by the defendant with reference thereto. A large part of the certificate includes a general statement of fees alleged to be due, without any itemization, and concerning which no evidence was heard by the court. Upon that certificate alone it was impossible to determine the fees and charges to which the master was entitled. Nor can this court determine from the record whether or not there was an agreement between the plaintiff and the defendant that they should share equally the fees of the master, nor if there was not such agreement, how the master's fees should be apportioned between the plaintiff and the defendant considering the number of matters which had been referred to the master by the court.

The order of the Superior Court of March 18, 1958, as amended by the order of March 21, 1958, dismissing the consolidated causes, approving the master's certificate for fees in the amount of $2,930.80, awarding judgment for such amount against the plaintiff and defendant, and denying defendant's petition for the recovery of the deposit made by him with the master is reversed, and this cause is remanded to the Superior Court to take such other and further proceedings in accordance with the views expressed in this opinion and to determine at the conclusion of such proceedings what fees and charges should be allowed the master and against whom they should be taxed.

Reversed and remanded with directions.

DEMPSEY and SCHWARTZ, JJ., concur.