Genevieve Spears, Appellee, v. Christopher Spears, Appellant.

Gen. No. 49,082.

First District, Third Division.
December 20, 1963.
Rehearing denied January 7, 1964.

Paul Broccolo, of Chicago, for appellant.

No brief filed for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

An appeal was taken from an order of the Superior Court of Cook County denying, after hearing, a motion by the defendant, Christopher Spears, to vacate an order of the court entered September 21, 1960 requiring him to show cause why he should not be held in wilful contempt for failure to pay support to the plaintiff, Genevieve Spears, under a former order of the court. The motion further sought an order of the

court modifying the payment of support both as to future payments and also as to arrearages, which request was also denied.

On December 10, 1956 a decree of separate maintenance was entered in favor of the plaintiff and against the defendant, and the defendant was ordered to pay $60 each week for the support of plaintiff and four minor children. The decree was entered upon an ex parte hearing. From the date of the decree until September 21, 1960 the defendant had paid a total of $6,795.75. Thereupon the plaintiff filed a petition alleging that the defendant was in arrears in the sum of $8,030, and asking that a rule be entered requiring the defendant to show cause why he should not be punished for contempt of court. On the same date the court entered an order stating, among other things, that it appeared to the court that $8,030 was due the petitioner and defendant was ordered to appear to show cause on October 5, 1960. The rule to show cause was properly served upon the defendant. The petition was continued from time to time.

On September 7, 1962 the defendant, with leave of court, filed a motion to vacate the order for the rule to show cause previously entered on September 21, 1960, to dismiss the petition of the same date, and to modify the order for support. In that motion the defendant sets up that he had paid more than the proportionate amount of the earnings as contemplated by the court's order and that the order for support should be corrected and modified. An affidavit was filed in support of the motion. The motion was answered by the plaintiff, and a counteraffidavit was filed. A hearing was had, though no transcript of such hearing appears in the record in this court. (Certain documents marked as exhibits and which were attached to the motion appear in the abstract. There is no indication that they were offered and received

168

in evidence.) The court entered an order on November 16, 1962 which, among other things, stated: "This cause coming on to be heard on the motion of Christopher J. Spears, the defendant herein, to vacate the order for a rule to show cause heretofore entered herein, to dismiss the petition for a rule heretofore filed, and to modify the order for child support and alimony, and the affidavit in support thereof, and the answer thereto of Genevieve Spears, the plaintiff herein, both parties appearing before the Court and being represented by their respective counsel, *and the Court having heard testimony and the arguments of Counsel,* and being fully advised in the premises . . . ." (Italics added.) In the order the court found that the arrearage of the defendant on September 21, 1960 was $5,264.25, and that at the time of the entry of the rule to show cause on September 21st "the defendant was in willful contempt of this Court for his failure to comply with the orders of Court for the payment of child support and alimony, heretofore entered in this cause." The court ordered that the September 21st petition be amended to show the arrearage to be $5,264.25 and denied in all other respects the motion of the defendant to vacate the order for the rule to show cause, to dismiss the petition for the rule, and to modify the order for child support and alimony. The court further ordered that the defendant should pay the current order of $60 each week for child support and alimony, together with $5 each week on account of defendant's arrearage, and ordered that the rule to show cause be continued to January 11, 1963. The defendant has filed a notice of appeal from that order of the court. Nothing appears in the record as to the final disposition of the rule to show cause.

█ The only brief filed in this court is the brief of the defendant-appellant. On this state of the record we would be justified in reversing and remanding the

cause without any further discussion. 2 ILP Appeal and Error, sec 560; C. I. T. Corporation v. Blackwell, 281 Ill App 504; Ohnstein v. Levy, 349 Ill App 161, 109 NE2d 923; Basinski v. Basinski, 20 Ill App2d 336, 156 NE2d 225. However, reversal of the judgment is not required and the reviewing court may consider and determine the case on its merits. 2 ILP Appeal and Error, sec 560; Dickinson v. Morgenstern, 111 Ill App 543; Barton v. Barton, 318 Ill App 68, 47 NE2d 496. A reviewing court can only apply the foregoing rule where there is a final judgment or order before it. An appeal can only be taken from such a judgment or order. In the instant case the November 16, 1962 order of the trial court was not a final order insofar as it continued the rule to show cause previously entered. In Atwater v. Atwater, 35 Ill App2d 382, 183 NE2d 174, we said that an order for a rule to show cause is not a final order in any sense and is not appealable, citing Themar v. Themar, 28 Ill App2d 138, 171 NE2d 104, and Themar v. Themar, 31 Ill App2d 39, 175 NE2d 644, and quoted from Bulandr v. Bulandr, 23 Ill App2d 299, 162 NE2d 585, where the court said:

> "No order was entered finding plaintiff guilty of contempt and imposing a penalty. These are the final steps in a contempt proceeding, from which an appeal may be taken. What occurs before these final steps is interlocutory and not appealable. Flaningam v. Flaningam, 331 Ill App 418, 73 NE2d 652 (1947); McEwen v. McEwen, 55 Ill App 340 (1894)."

Since the appeal was improperly taken as to this portion of the order it must accordingly be dismissed.

In his motion, the defendant asked, among other things, that the decree of separate maintenance be modified so as to reduce the money ordered to be

paid by him for the support of the plaintiff and her children. The motion, the answer, and the supporting affidavits raise an issue of fact as to the earnings of the defendant. That issue must necessarily be resolved by testimony taken in open court. In its order the court states that testimony was heard. No transcript of a hearing appears in the record, and consequently we must assume that the court heard sufficient testimony to support its order. A reviewing court does not search the record for the purpose of reversing a judgment. A party prosecuting an appeal has the duty to furnish an abstract and to include in the record evidence essential to the disposition of the contentions urged. Failure to submit an abstract properly presenting the errors relied upon warrants a court of review in affirming the judgment. People ex rel. Rose v. Craig, 404 Ill 505, 89 NE2d 409. In Janecko v. Appleton Elec. Co., 38 Ill App2d 116, 186 NE2d 662, where the judgment order entered stated that the court heard evidence, we said that this statement that there was evidence presented in open court was controlling on us. We further said:

> "We have no transcript of the proceedings before the trial judge and we must presume that he heard sufficient evidence to justify the entry of the judgment. McGurn v. Brotman, 25 Ill App 2d 294, 167 NE2d 12 (1960); County Board of School Trustees v. Bendt, 30 Ill App2d 329, 174 NE2d 404 (1961); Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559, and cases cited therein.
>
> "In County Board of School Trustees v. Bendt, supra, the court says:
>
> 'It is basic in our law that it is the record in the trial court that we review. That record imports verity.

171

' "When properly authenticated the record filed for the purpose of appeal imports absolute verity, and is the sole, conclusive and unimpeachable evidence of proceedings in the lower Court." McGurn v. Brotman, 25 Ill App2d 294, 167 NE2d 12. . . .' "

There is no question that the court in a separate maintenance or divorce suit retains jurisdiction to adjust the alimony or support money at any time upon a proper showing of a change in conditions. Hengen v. Hengen, 271 Ill 278, 111 NE 121; Cohen v. Cohen, 291 Ill App 39, 9 NE2d 595.

Insofar as the appeal seeks a reversal of that part of the court's order denying defendant's motion to vacate the order for the rule to show cause and to dismiss the petition for the rule the appeal is dismissed. The order of the trial court, insofar as it denies defendant's motion to modify that portion of the decree of separate maintenance relating to support of the plaintiff and her minor children, and insofar as it orders defendant to make support payment as specified in the order, is affirmed.

Dismissed in part, affirmed in part.

SCHWARTZ, P. J. and DEMPSEY, J., concur.