Jean Byrne, Plaintiff-Appellee, v. Paul **V.** Byrne, **Jr.,**
Defendant-Appellant.

Gen. No. 49,954.

First District, Fourth Division.
July 14, 1965.

Joseph Keig, Sr., of Chicago, for appellant.

No brief filed for appellee.

MR. JUSTICE DRUCKER delivered the opinion of
the court.

Defendant appeals from an order entered July 7,
1964, which modified the support payments of a sep-

arate maintenance decree and amended a prior injunction order. On May 11, 1964, plaintiff filed a petition to modify a separate maintenance decree of November 22, 1963, alleging that the decree provided that defendant pay one-third of his gross income for support and maintenance; that there had been "a substantial change in circumstances" in that defendant was the beneficiary of a trust which was being administered by the First National Bank of Chicago as Trustee under the Will of Walter S. Barnes; that she feared defendant would squander and dissipate the funds. She prayed that she be awarded defendant's percentage of the trust, consisting of securities and cash, "which percentage as of April 27, 1964, amounted to $24,665.41" or in the alternative that the moneys be sequestered as security for future maintenance payments.

The court entered an order the same day (1) enjoining the defendant from accepting, assigning, pledging or hypothecating any funds held by the First National Bank under the trust and (2) enjoining the bank from disbursing any of the trust funds.[1] Plaintiff was not required to post an injunction bond.

On May 13, 1964, plaintiff petitioned the court to require defendant to return certain securities which he had received from the bank prior to the May 11 order and which were a part of the res of the aforesaid trust. The court ordered (1) that defendant return said certain securities to the bank, (2) that upon receipt of the securities the bank hold the securities pursuant to the May 11 court order, and (3) that the issuers and transfer agents of the securities were "enjoined and restrained from registering, transferring or otherwise dealing with said securities."[2]

---

[1] The First National Bank of Chicago was not made a party defendant in the litigation.

[2] The numerous issuers and transfer agents were not made parties defendant.

After the May 13th order, both parties presented motions and petitions, all of which were set for hearings.

Defendant's motions included (1) a motion to dissolve the injunctions of May 11 and 13, (2) a motion requesting that the court fix an injunction bond as a condition to the continuation of the May 11th and May 13th injunctional orders and (3) a petition for an order to show cause why plaintiff's attorney should not be held in contempt for repeated misrepresentation to the court. Plaintiff filed separate answers to each of these motions.

Plaintiff petitioned for a rule to show cause why defendant should not obey the May 13 order. Defendant filed an answer.

There is no indication in the record that there was ever any hearing or ruling on any of these motions by the court. Although the order appealed from, which was entered on July 7th, states that there was a hearing "on plaintiff's petition to modify the decree of separate maintenance of November 22, 1963, and on defendant's answer thereto," no notice of motion or motion praying for the granted relief appears in the record. The order appealed from provided (A) that defendant pay plaintiff $300 per month "for her support and the support and maintenance of the seven minor children of the parties," (B) that the May 11 injunctional order be amended by releasing certain securities to defendant, and (C) that other securities and cash remain in the possession of the First National Bank pursuant to the injunction order as security for whatever monthly maintenance payments the court set.

Plaintiff did not file a brief in this appeal.

■ ■ Defendant points out that the petition of plaintiff sets out no facts other than the inheritance to justify a modification of the decree. Although a decree for separate maintenance may be modified when

changed conditions or circumstances are properly shown [Spears v. Spears, 45 Ill App2d 167, 195 NE2d 237], the inheritance of $24,000 by defendant does not of itself entitle plaintiff to a modification of the support decree. The record does not indicate that any consideration was given by the court to any conditions and circumstances other than the inheritance. For this reason the order modifying the decree must be reversed.

Defendant also argues, correctly, that the court erred in modifying the injunction orders without first determining defendant's motions to dissolve or vacate the injunctions. These motions urged that the injunctions were invalid because they were issued without notice, without bond and without any showing that there was "good cause" for waiver of bond as provided in Illinois Revised Statutes, ch 69, § 9 (1963).

Therefore the order of July 7, 1964, is reversed and the cause remanded with directions to determine defendant's motions to vacate the injunction orders of May 11 and 13, 1964, and for such other proceedings as may be necessary.

Reversed and remanded with directions.

McCORMICK, P. J. and ENGLISH, J., concur.