Ada Marie Morella, a Minor, by Her Father and Next Friend, Reno Morella, Plaintiff-Petitioner, v. Melrose Park Cab Company, a Corporation, James C. Brislin, and Ricardo E. Guzman, Defendants. Melrose Park Cab Company, a Corporation, and James C. Brislin, Respondents.

Gen. No. 65–15.

Second District.

December 3, 1965.

Epton, McCarthy, Bohling & Druth, of Chicago, and
Donovan, Dichtl & Atten, of Wheaton (Alfred S. Druth,

Joseph A. Donovan, Ralph L. Dichtl and Gerald M. Chapman, of counsel), for plaintiff-petitioner.

Rathje, Woodward & Dyer, Associates, of Wheaton, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

Ada Marie Morella, a minor, by her father and next friend (herein called plaintiff) sued the defendant Melrose Park Cab Company (herein called Melrose) and its cab driver at the time of the accident in question—the defendant James C. Brislin (herein called Brislin) to recover for personal injuries sustained when the cab owned by Melrose and driven by Brislin, in which plaintiff was a passenger, collided with an automobile driven by the defendant Ricardo E. Guzman (herein called Guzman) on Lake Street, just east of York Road in DuPage County.

The complaint charged both defendants with concurrent negligence in operating their respective automobiles. The defendants denied the material allegations of the complaint, and the cause was tried before a jury which returned a verdict in favor of plaintiff, and against Melrose and Brislin in the sum of $20,000, and a verdict of not guilty as to Guzman.

Melrose and Brislin filed a post-trial motion for judgment notwithstanding the verdict, which was denied; and for a new trial, which was allowed. The new trial was granted without supporting oral remarks or written memorandum by the trial judge.

The post-trial motion consisted of 81 numbered paragraphs which, when distilled, charged that the verdict was against the manifest weight of the evidence; was excessive; was the result of passion and prejudice and included punitive damages; that the Court erred in the admission and denial of certain testimony; that plaintiff's counsel in an interchange with defendants' counsel,

178

made certain prejudicial remarks; and that the Court erred in giving and refusing certain instructions.

The record indicates that on October 21, 1961, a head-on collision took place on a construction detour on Lake Street, about three blocks east of York Road, shortly after 8 p. m., between a 1954 Buick automobile driven by Guzman and a cab owned by Melrose and driven by Brislin, in which plaintiff was a passenger. At the time and place, the highway was dry; the night dark but clear, and the visibility was good. Guzman was driving east on Lake Street in his lane of traffic at a speed of 30 to 35 miles per hour, and Brislin was driving west on Lake Street at a speed of 45 to 50 miles per hour. The testimony and all physical facts indicated that Brislin was driving in Guzman's lane of traffic at the time and place of the collision.

The plaintiff, at such time and place, was seated in the rear seat of the cab on the right-hand side. Before the accident, her left leg was in good condition. The impact of the collision threw her to the floor of the cab and against the front seat and caused a comminuted fragmented fracture of her left femur extending from her knee joint upwards for about 5½ inches.

The plaintiff's injury was painful. It required the placing of her left leg in a splint and the insertion of a Steinman pin in her left tibia to provide a point from which traction would be applied. Thereupon, plaintiff was placed in traction. Due to angulation, further surgical procedures were required, including the placing of plaintiff in a hip spica cast. Plaintiff left the hospital December 2, 1961, and remained in bed at home until December 12. The cast was removed January 20, 1962, and plaintiff started walking with the aid of crutches in February 1962. She was still limping and her leg was still swollen when the case was called for trial on October 26, 1964. Her hospital and medical expenses totalled

$1,841.72 and she missed the second semester of her freshman year in high school due to the injury.

█ Even though plaintiff filed petition for leave to appeal and abstract of record, and complied with the rules of this Court, no answer to the petition was filed in this Court by Melrose or Brislin. After the petition for leave to appeal was granted, neither Melrose nor Brislin saw fit to file brief in support of the trial court's order granting a new trial. On this state of the record, we would be justified in reversing and remanding this case without consideration of the merits. Ogradney v. Daley, 60 Ill App2d 82, 208 NE2d 323 (1st Dist 1965); Spears v. Spears, 45 Ill App2d 167, 169, 170, 195 NE2d 237 (1st Dist 1964); East Side Health Dist. v. Village of Caseyville, 38 Ill App2d 438, 442, 187 NE2d 534 (4th Dist 1963); Basinski v. Basinski, 20 Ill App2d 336, 340, 156 NE2d 225 (1st Dist 1959). Such result, however, is not required (Spears v. Spears, supra).

The posture of this case on appeal is unusual: it stands without brief or argument by counsel to support the decision of the trial court (see Ill Rev Stats 1963, c 110, §§ 77(2), 101.30 and 201.22) and without written memorandum by the trial judge stating the reasons for his decision, as permitted by Supreme Court Rule 36(1)(c) (Ill Rev Stats 1963, c 110, § 101.36(1)(c)). We regret the absence of a brief statement of the trial court's reasons for his decision, and we deplore the cavalier attitude of Melrose and Brislin in their failure to support the order of the trial court by either answer or brief, or by both. Such default by counsel places an undue burden on the reviewing court and is unfair to the trial court. Under these circumstances, we have, without the customary assistance of court and counsel, examined the record and considered the law determinative of the issues involved.

█ Under the evidence above set forth, there can be no question concerning the propriety of the trial court in

refusing to grant a judgment notwithstanding the verdict. Even if the inferences to be drawn from the evidence were uncertain as to the negligence of the respective defendants, the contributory negligence of the plaintiff and the proximate cause of her injuries, so that fairminded men could draw different conclusions, questions of fact, to be decided by the jury, were presented. Dursch v. Fair, 61 Ill App2d 273, 282, 209 NE2d 509 (2nd Dist 1965) ; Turner v. Schaeffer, 30 Ill App2d 376, 390, 174 NE2d 690 (2nd Dist 1961). Also see Zank v. Chicago, R. I. & P. R. Co., 17 Ill2d 473, 479, 480, 161 NE2d 848 (1959) ; Brown v. McColl, 36 Ill App2d 215, 218, 183 NE2d 541 (2nd Dist 1962).

█ The determinative issue herein is whether the trial court properly granted the motion of defendants Melrose and Brislin for a new trial. In Payne v. Kingsley, 59 Ill App2d 245, 207 NE2d 177 (2nd Dist 1965) at page 252, this Court stated:

> "In considering such motion, the trial court may weigh the evidence for the purpose of determining whether the verdict is contrary to the weight of the evidence, and, if the court so finds, a new trial should be granted. Heideman v. Kelsey, 414 Ill 453, 466, 111 NE2d 538 (1953) ; Hunt v. Vermillion County Children's Home, 381 Ill 29, 34, 44 NE2d 609 (1943) ; Ardison v. Illinois Cent. R. Co., 249 Ill 300, 302, 94 NE 501 (1911) ; Lukich v. Angeli, 31 Ill App2d 20, 27, 175 NE2d 796 (1st Dist 1961) ; Read v. Cummings, 324 Ill App 607, 611, 59 NE2d 325 (1st Dist 1945)."

█ The nature and extent of the power of the trial court in ruling on a motion for new trial is stated in Buer v. Hamilton, 48 Ill App2d 171, 199 NE2d 256 (5th Dist 1964), at pages 173 and 174 in these words:

> "In passing on a motion for a new trial, the trial judge has a greater latitude in passing on questions

of fact than on questions of law, and a reviewing court will not reverse a ruling on a question of fact unless a clear abuse of discretion is shown. Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717; Lukich v. Angeli, 31 Ill App2d 20, 175 NE2d 796. The matter of granting a new trial is in the sound discretion of the trial judge. (Citations.) As said in the Hulke case, 'The presiding judge in passing upon the motion for new trial has the benefit of his previous observation of the appearance of the witnesses, their manner in testifying, and of the circumstances aiding in the determination of credibility. The trial judge is in a better position than a court of review to weigh the evidence. The allowance or refusal of the motion is largely within the discretion of the trial court. His decision is subject to review, but it is commonly said that it will not be reversed except for a clear abuse of discretion. (Citations.)' "

This thought was further expressed in Read v. Cummings, 324 Ill App 607, 59 NE2d 325 (1st Dist 1945), at pages 609 and 610, in these words:

"But after the verdict is returned a different question arises. It is then the duty of the trial judge to consider the weight of the evidence and if he is of opinion that plaintiff has not proven his case by a preponderance of the evidence, taking into consideration the fact that the jury has found otherwise, it is his duty to set aside the verdict and grant a new trial. And if the court does not do so but overrules the motion and enters judgment and the case is then brought to this court, we are not authorized to disturb the verdict on this ground unless the verdict and judgment are against the manifest weight of the evidence. . . . It requires much more for this court to set aside a verdict and

judgment than is required of the trial judge. It is his duty to set aside the verdict if he is of opinion that the plaintiff has not sustained his case by a preponderance of the evidence, while the question of the preponderance of the evidence does not arise at all in this court."

However, in Commissioners of Lincoln Park v. Schmidt, 375 Ill 474, 31 NE2d 969 (1941), at page 477, the Supreme Court in considering the discretion of the trial judge in setting aside a jury verdict and in granting a new trial, stated:

"The discretion of trial judge is not unlimited but must be exercised reasonably."

In Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836 (1955), the Supreme Court recognized the limitations on the power of a trial court and reviewing court in setting aside jury verdicts and at page 623 stated:

"A verdict will not be set aside merely because the jury could have found differently or because judges feel that other conclusions would be more reasonable. (Lindroth v. Walgreen Co. 407 Ill 121.) In the trial of a law suit, questions of one's due care, another party's alleged negligence and the proximate cause of such injured party's injuries and damages are pre-eminently questions of fact for a jury's determination. Under our system of jurisprudence, jury determinations can be set aside only when a court of review, or a trial court upon proper motion, is clearly satisfied that they were occasioned by passion or prejudice or found to be wholly unwarranted from the manifest weight of the evidence."

The jury was justified in rendering a verdict against the defendants under the facts of this case. Brislin was driving in the wrong lane of traffic at a high

rate of speed, and collided head on with the Guzman car which was travelling at an appropriate rate of speed with lights on, and in its proper lane. The plaintiff was a passenger in the rear seat of the cab and was not negligent, as a matter of law, at, or immediately before the collision. Smith v. Bishop, 32 Ill2d 380, 383, 384, 205 NE2d 461 (1965). Prior to the accident, plaintiff's left leg was in good condition; and after the collision, it was broken badly.

It is obvious that the evidence manifestly sustained the jury verdict and that the trial court abused its discretion in setting it aside and in granting a new trial. Defendants Melrose and Brislin did not see fit to file abstract, brief or argument in support of the order of the trial court granting a new trial; the trial court left no memoranda indicating the reason for setting aside the jury verdict and judgment and for granting a new trial, and we can find none in the record.

In the post-trial motion, Melrose and Brislin contended that the verdict was the result of passion and prejudice and included punitive damages. However, it has long been the law in Illinois that the amount of a verdict is largely within the discretion of the jury. Lau v. West Towns Bus Co., 16 Ill2d 442, 452, 158 NE2d 63 (1959) ; Holsman v. Darling State St. Corp., 6 Ill App2d 517, 527, 128 NE2d 581 (1st Dist 1955).

In view of the nature and extent of the injury, the pain and suffering which plaintiff experienced, and the special damages incurred in the sum of $1,841.75, we do not believe that the verdict in the sum of $20,000 was either excessive or included punitive damages. Neither was it of such amount as to show passion or prejudice.

We have reviewed the alleged errors with reference to the court's rulings on the admission and denial of evidence, relative to instructing the jury, and have considered the alleged prejudicial remarks made by defendants' counsel. We find no merit in these alleged errors.

184

The order granting the new trial is, therefore, reversed and the cause is remanded to the trial court with directions to set aside the order granting a new trial and to enter judgment on the verdict in the sum of $20,000, and for costs in favor of the plaintiff and against the defendants Melrose and Brislin.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and MORAN, J., concur.