Judith Sell, Individually, and as Parent and Guardian of Traci Sell, a Minor, and Linda Seibel, Plaintiffs-Appellants, v. John Vlahos, Defendant-Appellee.

Gen. No. 68-77.

Second District.

February 6, 1969.

James A. Thompson, of Chicago, for appellants.

Caldwell, Berner and Caldwell, of Woodstock, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of McHenry County. The action was one for personal injuries and the jury returned verdicts in the amount of $15,000 each in favor of appellee, John Vlahos, and his wife, Linda Vlahos. The appeal is from the refusal of the trial court to direct a verdict in favor of the appellants, Judith Sell, Traci Sell and Linda Seibel, and for failure to set aside the verdicts entered against them or to grant them a new trial.

On the morning of February 7, 1965, Judith Sell, accompanied by her daughter, Traci, and her sister, Linda Seibel, was driving north on Route 47 on the outskirts of Woodstock, Illinois, at approximately 10 o'clock in the morning. The weather was extremely foggy. John Vlahos and his wife, Linda, were traveling west on Bypass 14 approaching the point where it intersects with Route 47 on their way to Wisconsin. There are eight stop and go lights protecting this intersection. Each of the highways are two lanes in width until the approach to the intersection, where they widen to four lanes each. The collision occurred in the northeast quadrant of the intersection. The front end of the Sell car had struck the left side of the Vlahos car head-on. After the impact the Vlahos car veered off northwest, coming to rest some 206 feet from the point of impact. The Sell car traveled 96 feet from the point of impact. The roadways were both wet. John Vlahos testified that as he approached the intersection it was very foggy and that he could see approximately 300 feet ahead.

Both parties testified that they entered the intersection on the green light. Both parties claimed they were going at a relatively low rate of speed. On the day after the accident, John Vlahos, while under heavy sedation in the hospital, made a statement to a police officer which in some respects varied from his testimony at the trial. On the day of the accident, Judith Sell made a statement to a police officer which was inconsistent with her testimony at the trial. She was also in some measure impeached on certain aspects of her testimony at the trial by statements she made during discovery depositions.

Judith Sell filed a counterclaim individually and as guardian of her daughter for personal injuries suffered by them. She was joined as a counterplaintiff in this suit by Linda Seibel. The jury returned verdicts of $15,000 each in favor of the Vlahos on the original com-

plaint and denied relief for the counterclaimants. These verdicts in favor of the Vlahos were settled and all costs paid.

On this appeal, appellants complain that the trial court in denying appellants' motion for a new trial, incorrectly applied the standard set down in Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504; secondly, that all of the evidence when viewed in its aspects most favorable to appellee, so overwhelmingly favored appellants, that the verdict could not stand; and finally, it is urged that since the verdict is against the manifest weight of the evidence, this court on review should reverse the trial court and order a new trial.

■ ■ In the Pedrick case, supra, in considering the standard to be applied to situations involving directed verdicts or judgments notwithstanding the verdict, the court at p 510 stated that the rule should be:

". . . verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Appellants contend that the trial judge applied this rule to his determination of whether or not a new trial should have been granted. We cannot agree with this contention. The court in its memorandum decision applied the Pedrick rule to that portion of appellants' post-trial motion wherein they moved for a judgment notwithstanding the verdict. We interpret the memorandum of the court below as holding that, insofar as the defendants in their post-trial motion moved for a judgment notwithstanding the verdict, it could not hold that the evidence so overwhelmingly favored the Sells and Seibel that the verdicts must be set aside and judgment entered for the appellants. We further understand the

memorandum decision as turning then to whether the appellants should be granted a new trial. It pointed out that the real issue in this case was the credibility of the witnesses and the probability of their testimony. The trial judge stated that he could not categorically state that he would have reached the same verdict as the jury. He pointed out that while there was some evidence that the testimony of Vlahos had been impeached by a statement he gave to the investigating officer, on the other hand the testimony of Judith Sell had been impeached, not only by a statement she gave to the investigating officer, but by depositions she had given. He also pointed out that a physical fact, that is, that the Sell car struck the Vlahos car head-on in the center of the Vlahos car, in the court's opinion tended to support arguments in favor of the jury's verdict. He therefore declined to grant a new trial.

■ ■ The matter of granting a new trial is within the sound discretion of the trial judge. The presiding judge in passing upon the motion for new trial has the benefit of his previous observation of the appearance of the witnesses, their manner in testifying, and of the circumstances aiding in the determination of credibility. The trial judge is in a better position than a court of review to weigh the evidence. The allowance or refusal of the motion is largely within the discretion of the trial court. It requires much more for this court to set aside a verdict and judgment than is required of the trial judge. Tihay v. Aurora City Lines, 79 Ill App2d 107, 113, 114, 223 NE2d 171; Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 181–183, 212 NE2d 106.

■ There is a substantial conflict on the material facts in this case. Both drivers claimed they entered the intersection on a green light. And, as the trial court indicated both drivers were impeached in part. Upon these conflicting versions of fact, it is peculiarly within the province of the jury to determine who was negligent

418

and we cannot say that the verdicts were contrary to the manifest weight and accordingly the judgment entered thereon is affirmed.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.