Arrow S Credit Union, a Corporation, Plaintiff-Defendant-Appellee, v. George Harrell, et al., Defendants-Intervenors-Appellants, and Swift & Company, a Corporation, Garnishee-Plaintiff.

Gen. No. 68–79.

Fifth District.

April 1, 1969.

Rehearing denied May 26, 1969.

Robert E. Wilson, Jr., of St. Louis, Missouri, for appellants.

No brief for appellee.

GOLDENHERSH, P. J.

This appeal is taken by a group of former employees of Swift & Company from judgments entered in garnishment proceedings in the Circuit Court of St. Clair County.

As the result of curtailment of its meat packing operations, Swift & Company, hereafter called Swift, terminated its employment contract with the employees of its plant in National City. Under the provisions of paragraph 71 of the Master Agreement covering terms and conditions of employment it paid separation allowances to certain of its employees.

Arrow S Credit Union, hereafter called Arrow S, is a credit union whose membership is comprised of Swift's employees. The appellants, hereafter called defendants, were indebted to Arrow S. Arrow S reduced its claims to judgment and instituted nonwage garnishment actions against Swift, directed against the separation allowances. Other creditors of various employees also instituted either wage or nonwage garnishment proceedings, but the claims of these creditors have been disposed of and are not here involved.

Swift instituted an action for declaratory judgment praying that the court determine whether the separation allowances were wages, or nonwage payments, and other relief. Defendants sought and were granted leave to intervene, and that garnishment proceedings were abated pending adjudication of the declaratory judgment proceeding.

The trial court found that the separation allowances were nonwage compensation, were subject to nonwage

60

garnishment, and no portion thereof was exempt under the provisions of chapter 62, section 73, Ill Rev Stats, that Arrow S is a judgment creditor within the meaning of the nonwage garnishment sections of the statute, and ordered Swift to answer the interrogatories filed in the garnishment proceedings. Judgments were entered for the amounts shown in the answers, defendants moved to consolidate the judgments for appeal, and this appeal followed.

Arrow S filed a motion to dismiss the appeal and the motion was taken with the case. The motion requires no discussion other than to say that it is without merit and is denied.

■ Arrow S has not filed any further appearance or brief in this court. As stated in Morella v. Melrose Park Cab Co., 65 Ill App2d 175, at page 180, 212 NE2d 106, this court deplores Arrow S's cavalier attitude in its failure to support the trial court judgment with a brief. The review of the record without assistance of counsel places an undue burden on this court, and is unfair to the trial court. We have nevertheless reviewed the record on its merits, but our decision to do so is to be interpreted neither as approval of what occurred, nor that in another case we shall again elect so to do.

In The Kroger Co. v. Blumenthal, 13 Ill2d 222, 148 NE2d 734, the Supreme Court, in construing the Unemployment Compensation Act, held that a lump-sum separation payment, although wages, did not constitute the receipt of wages "with respect to" any period subsequent to the termination of the claimant's employment.

Chapter 62, section 73, Ill Rev Stats 1965, provides that wages are exempt in certain amounts or percentages and concludes "As used in this Section 3, 'gross wages' means the total compensation received for services rendered in a particular pay period prior to any deductions whatsoever."

■ It is not necessary to this opinion to decide whether the separation allowances are wages, for the reason that they are clearly not wages "received for services rendered in a particular pay period," and therefore, the statutory weekly exemptions do not apply.

For the reasons stated, the judgments of the Circuit Court of St. Clair County are affirmed.

Judgments affirmed.

MORAN and EBERSPACHER, JJ., concur.